Richard D. **HOWLAND**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE; John E. Potter, Postmaster General; and Joseph Sickles, Arbitrator, Defendants.**

No. CIV. 1:01CV294.

United States District Court,
W.D. North Carolina,
Asheville Division.

June 17, 2002.

Richard D. Howland, Enka, NC, pro se.

Paul B. Taylor, U.S. Atty., Asheville, NC, for U.S. Postal Service, defendant.

Donald R. Pocock, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, for Joseph Sickles, defendant.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before this Court on the motion to dismiss filed by Defendants John E. Potter, Postmaster General, and the United States Postal Service (collectively "USPS"); the Plaintiff's motion to remand; and the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr., in regard to the motion to dismiss filed by Defendant Joseph Sickles. For the reasons discussed herein, the Recommendation of the Magistrate Judge is hereby accepted, the Defendants' motions to dismiss are granted, and the case is dismissed.

## I. MOTION TO DISMISS OF DEFENDANT JOSEPH SICKLES

Pursuant to standing orders of designation and 28 U.S.C. § 636, this Court referred Defendant Joseph Sickles' motion to dismiss to the Magistrate Judge for a recommendation as to disposition. The Magistrate Judge entered a detailed memorandum recommending that Defendant's motion be granted on the grounds of judicial or arbitral immunity. The Plaintiff has filed no objection to this Recommendation. Those parts of a Magistrate Judge's Memorandum and Recommendation to which no specific objections are filed are given careful review. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Having conducted a careful review of the Magistrate Judge's Recommendation, the Court finds that it correctly states the applicable legal principles and applies them to this case properly. As such, the Court accepts those recommendations and grants Sickles' motion to dismiss.

---

1. Plaintiff is proceeding *pro se* in this matter.

## II. MOTION TO DISMISS OF THE USPS

### A. Background

The events which give rise to this action occurred at the USPS training facility in Norman, Oklahoma, in May 2000. The Plaintiff, who worked at the Brevard, North Carolina, USPS facility, was in Norman for training in May 2000, when in the early hours of the morning and apparently under the influence of alcohol, he physically assaulted another USPS employee. As a result of this conduct, the USPS terminated Plaintiff's employment. *See*, Exhibit 1, Notice of Proposed Removal, dated June 19, 2000, and Exhibit 2, Letter of Decision, dated August 28, 2000, *attached to* USPS Defendants' Motion to Dismiss, filed April 23, 2002. In response to his termination, Plaintiff, at various times, has followed three separate channels of administrative relief in attempting to contest his dismissal.

First, Plaintiff appealed his termination to the Merit Systems Protection Board (MSPB) on September 29, 2000, claiming disability discrimination. *Id.*, at Exhibit 3, Appeal Form. On November 30, 2000, while acting through counsel, he withdrew his appeal to the MSPB.[1] In withdrawing that appeal he stated,

> This withdrawal is without prejudice to the appellant's right to continue his complaint of discrimination under 29 C.F.R. § 1614.301 of the Equal Employment Opportunity Commission (EEOC).

*See, id.*, at Exhibit 4, Notice of Withdrawal of Board Appeal, dated November 27, 2000. In response to that Notice, the MSPB issued a decision dismissing Plaintiff's appeal; that decision became final on January 3, 2001, without objection from the Plaintiff. *See, id.*, at Exhibit 5, Initial Decision.

Next, Plaintiff filed a formal Equal Employment Opportunity (EEO) complaint with USPS on April 13, 2001, after initial, pre-complaint EEO counseling, claiming he was discriminated against based on his race, sex, and disability. *See, id.,* at Exhibit 6, Information for Precomplaint Counseling, and Exhibit 7, EEO Complaint. On May 21, 2001, the USPS dismissed this complaint on the grounds that Plaintiff had elected to pursue a different administrative remedy based on the earlier-filed MSPB appeal, citing 29 C.F.R. § 1614.107(a)(4). *Id.,* at Exhibit 8, Dismissal of Formal EEO Complaint. This dismissal was affirmed on the same grounds by the Equal Employment Opportunity Commission (EEOC) on October 9, 2001. *See, id.,* at Exhibit 9, EEOC Decision.

In addition to pursuing the above avenues of relief, the Plaintiff initiated a series of grievance procedures to contest his dismissal beginning in July 2000 pursuant to a collective bargaining agreement between the USPS and the American Postal Workers Union–AFL/CIO. *See, id.,* at Exhibit 10, Grievance Summary–Step 1, dated July 7, 2000, and Exhibit 11, Grievance Appeal Form, dated July 17, 2000. Plaintiff's grievance was denied initially on August 31, 2000, and such was appealed to arbitration by the Union representative on September 8, 2000.[2] *Id.,* at Exhibits 12 and 13. An arbitration hearing was held on July 17, 2001, and the arbitrator, Defendant Joseph Sickles, issued a decision denying the grievance on September 21, 2001. *See, id.,* at Exhibit 14.

After all of these unfavorable decisions, the Plaintiff filed this matter on January 24, 2002, alleging the Defendants discriminated against him because of his race, color, sex, age, disability, and status as a

veteran. Furthermore, he alleges that he was discharged in retaliation for an earlier EEO filing. The USPS has moved to dismiss this action for lack of subject matter jurisdiction on the grounds that Plaintiff has failed to exhaust his administrative remedies.

**B. Standard of Review**

When a challenge pursuant Rule 12(b)(1) is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the district court is to regard the allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus., Inc.,* 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.,* at 1559 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.,* at 1558; *Richmond, Fredericksburg, & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

**C. Election and Exhaustion of Administrative Remedies**

■ The USPS contends that by filing his appeal to the MSPB prior to his EEO

---

2. It appears that the MSPB appeal was dismissed in an effort to avoid a waiver of Plaintiff's right to arbitration under the collective

bargaining agreement. *See,* Exhibit 2, Letter of Decision–Removal, *attached to* Defendants' Motion to Dismiss, at 4.

complaint, Plaintiff made an election of administrative remedies. In dismissing that appeal, Plaintiff has failed to exhaust those administrative remedies and this Court lacks subject matter jurisdiction over the complaint. Plaintiff argues that since his dismissal of the MSPB appeal was "without prejudice" to his EEO rights, he has completely exhausted his administrative remedies and this suit is properly before this Court.

The EEO regulations governing "mixed case" complaints are clear. "A mixed case complaint is a complaint of employment discrimination filed with a federal agency ... related to or stemming from an action that can be appealed to the [MSPB]." 29 C.F.R. § 1614.302(a)(1). "An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, *but not both.*" 29 C.F.R. § 1614.302(b) (emphasis added). That regulation further provides that "whichever is filed first shall be considered an election to proceed in that forum." *Id.* The regulations further provide that

> [i]f a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to § 1614.107.

*Id.* Section 1614.107 provides, however,

> [p]rior to a request for a hearing in a case, the agency shall dismiss an entire complaint ... [w]here the complaint has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board and ... § 1614.302 indicates that the com-

plainant has elected to pursue the non-EEO process....

29 C.F.R. § 1614.107(a)(4). Thus, the EEO complaint was properly dismissed on the grounds that the Plaintiff had elected to proceed with the MSPB hearing. The USPS correctly observes that even the attempted reservation of rights in Plaintiff's withdrawal of the MSPB appeal went only to his rights to pursue a union grievance and not to the EEO complaint. *Compare,* 29 C.F.R. § 1614.301, *with* 29 C.F.R. § 1614.302. Regardless, the regulations are clear that in filing the MSPB appeal, Plaintiff elected to use that procedure and not the EEO filing as the administrative avenue to contest his termination.

■ By withdrawing his MSPB appeal, Plaintiff has failed to exhaust his administrative remedy. "Having chosen that option, [he] was required to exhaust [his] claims in that forum before filing a civil action." *McAdams v. Reno,* 64 F.3d 1137, 1142 (8th Cir.1995) (citing *Tolbert v. United States,* 916 F.2d 245, 248 (5th Cir.1990)). "Instead, [Plaintiff] abandoned [his] ... claims before the MSPB." *Id.* "[He] cannot now assert them in a separate civil action." *Id.* "The statutory scheme for mixed cases does not confer federal court jurisdiction over such claims." *Id; see also, Vinieratos v. United States,* 939 F.2d 762 (9th Cir.1991); *Briggs v. Dalton,* 984 F.Supp. 353 (D.Md.1997).

## D. Other Issues

■ The USPS raises several, alternative grounds for dismissal of separate claims in addition to failure to exhaust administrative remedies. The Court will briefly address these *seriatim.* First, the USPS correctly notes that insofar as Plaintiff's complaint alleges discrimination against him on account of his status as a veteran (and such a claim would be one cognizable by the MSPB but not the

EEOC), that claim is barred by the Plaintiff's failure timely to pursue his appeal to the United States Circuit Court of appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). Likewise, the USPS correctly states that Plaintiff's claims of age discrimination, raised for the first time in this lawsuit, are barred because Plaintiff failed to give the EEOC the required notice. 29 U.S.C. § 633a(d). Plaintiff's claim of disability discrimination under the Rehabilitation Act is subject to a binding arbitration clause included in the collective bargaining agreement which specifically mentions that Act; it cannot be raised here. *Brown v. ABF Freight Sys., Inc.,* 183 F.3d 319, 321 (4th Cir.1999) ("[W]here the arbitration clause is 'not so clear,' employees might yet be bound to arbitrate their federal claims if 'another provision, like a nondiscrimination clause, makes it *unmistakably clear* that the discrimination statutes at issue are part of the agreement,'" such as by explicitly incorporating that statute into the agreement.) (quoting *Carson v. Giant Food, Inc.,* 175 F.3d 325, 331 (4th Cir. 1999)). Finally, a federal worker cannot state a cause of action for employment discrimination under 42 U.S.C. § 1981. *Brown v. General Services Administration,* 425 U.S. 820, 834, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) ("[§ ] 717 of the Civil Rights Act of 1964, as amended [Title VII], provides the exclusive judicial remedy for claims of discrimination in federal employment.").

### E. Plaintiff's motion to remand

Because he elected to proceed with the MSPB appeal, Plaintiff was foreclosed from pursuing his claim in the EEO forum. His decision to withdraw his MSPB appeal constitutes a failure to exhaust administrative remedies. Consequently, because this Court does not have subject matter jurisdiction over the complaint, Plaintiff's motion to remand is denied as moot.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the motion of Defendant Joseph Sickles to dismiss is hereby **ALLOWED**; and

**IT IS FURTHER ORDERED** that the motion of Defendants United States Postal Service and John E. Potter to dismiss is hereby **ALLOWED**; and

**IT IS FURTHER ORDERED** that the Plaintiff's motion to remand to the administrative arena is hereby **DENIED** as moot.

A Judgment dismissing this matter in its entirety is filed herewith.

### *JUDGMENT*

For the reasons stated in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the motion of the USPS Defendants to dismiss for lack of subject matter jurisdiction and the Defendant Sickles' motion to dismiss on the grounds of judicial or arbitral immunity are **ALLOWED**, and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.

### MEMORANDUM AND RECOMMENDATION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendant Joseph Sickles's Motions to Dismiss. Plaintiff, who is proceeding *pro se,* was advised that Defendant Sickles has moved to dismiss the cause of action against him and argued, primarily, that as an arbitrator, he enjoys absolute immunity from suit for actions stemming from his quasi-judicial decisions. Plaintiff was further advised that he was obligated to file a response to the Motions to Dismiss not later than March 25, 2002, and therein

show why, as a matter of law, Defendant Sickles is not entitled to the immunity he asserts. Plaintiff filed a timely response on March 21, 2002, in which he stated that he could not find any case law that would support making an arbitrator a defendant, but that he would like to be able "to challenge his decision unequivocally, based on the fact that he did not address all of the issues contained in my grievance."

Defendant Joseph Sickles has moved for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, contending that plaintiff has failed to state a cognizable claim. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory .... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.,* at 1832 (citation omitted). For the limited purpose of making a recommendation as to disposition of Defendant Sickles's motion, the undersigned has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

In this case, plaintiff was terminated from his employment with defendant United States Postal Service. Apparently, plaintiff engaged in a fight with a fellow employee and was terminated under the postal service's "zero-tolerance policy." Plaintiff filed a grievance concerning his termination, which was referred to an arbitrator pursuant to the collective-bargaining agreement governing his employment. In his grievance, plaintiff claimed that he was terminated in violation of Title VII of the Civil Rights Act of 1964. Apparently, the arbitrator found little credence to plaintiff's theory of discrimination. Instead, the arbitrator found that plaintiff's alcoholism contributed to the fight and his termination. In this case, plaintiff assigns error to the arbitrator's decision, arguing that the arbitrator failed to give plaintiff's version of the facts the weight which plaintiff believed it deserved. Plaintiff does not allege that the arbitrator's decision was tainted by any racial or other discriminatory bias.

■ The case law is clear that no cause of action can be asserted against an arbitrator based on the issuance of an unfavorable decision.

> [J]udicial immunity extended not only to public officials but also to private citizens (in particular jurors and arbitrators); the touchstone for its applicability was performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.

*Burns v. Reed,* 500 U.S. 478, at 499–500, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)(Scalia, J., concurring in part and dissenting in part). The doctrine of judicial immunity has been adapted into one of arbitral immunity, which has been uniformly recognized and consistently followed:

The doctrine of arbitral immunity is rooted in the doctrine of judicial immunity—because an arbitrator's role is considered the "functional equivalent" of a judge's role, courts have uniformly extended quasi-judicial immunity to individual arbitrators. The policies underlying arbitral immunity parallel those underlying judicial immunity—to protect decision makers from undue influence and to protect the integrity of the decision-making process.

\* \* \* \* \* \*

Moreover, arbitral immunity attaches to "all acts within the scope of the arbitral process."

*Galuska v. New York Stock Exchange*, 210 F.3d 374, 2000 WL 347851, \*2 (7th Cir. 2000) (citations omitted). In *Tamari v. Conrad*, 552 F.2d 778 (7th Cir.1977), the district court explained why an aggrieved litigant cannot bring suit against an arbitrator, holding that "individuals ... cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit." *Id.*, at 781. The undersigned, therefore, will recommend that defendant Joseph Sickles's Motions to Dismiss be granted for plaintiff's failure to state a cognizable claim as a matter of law, inasmuch as such defendant enjoys judicial and/or arbitral immunity from suit.

### RECOMMENDATION

IT IS, THEREFORE, RESPECTFULLY RECOMMENDED that defendant Joseph Sickles's Motions to Dismiss (# 4) be ALLOWED.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

April 12, 2002.