THOMAS W. HILL, Plaintiff v. GARFORD TONY HILL and wife, JEWEL ANNE HILL, and the ESTATE OF SADIE C. HILL, Defendants

No. COA06-331

(Filed 2 January 2007)

**1. Appeal and Error— admission pro hac vice not sought— brief stricken**

Defendants' brief was stricken where their attorney was licensed in Florida but not North Carolina and did not follow the requirements of N.C.G.S. § 84-4.1 before submitting the brief. Although she had previously appeared for defendants pro hac vice before the Supreme Court concerning one of plaintiff's petitions for discretionary review, she was required to file a motion with the Court of Appeals before seeking to represent defendants in this proceeding. Furthermore, even if she acted in reliance upon her admission by the Supreme Court, she did not associate local counsel in this appeal.

**2. Constitution Law— North Carolina—no right to jury trial on Rule 11 sanctions**

Plaintiff was not entitled. to a jury trial under the North Carolina Constitution on the Rule 11 issue of whether defendants' counterclaim was filed for an improper purpose. Rule 11 sanctions are punitive and are not an "action respecting property" under article I, section 25 of the Constitution. Moreover, the right to seek sanctions did not exist at common law or pursuant to statute when the 1868 Constitution was adopted. N.C. Const. art. I, §25.

**3. Pleadings— Rules 11 sanctions—counterclaim and motion for sanctions—not filed for improper purpose**

The trial court did not err by failing to find that defendants' counterclaim and motion for Rule 11 sanctions were filed for an improper purpose where the counterclaim was filed to vindicate defendants' rights under the forfeiture clause in their mother's will, and the record shows that defendant only sought to obtain sanctions against plaintiff for bringing a frivolous claim that was substantially similar to a previous claim which the Court of Appeals had held violated the factual certification requirement of Rule 11.

**4. Appeal and Error— appealability—failure to appeal ruling—issue not appealable in future litigation**

Where a party fails to appeal a ruling on a particular issue, he is then bound by that failure and may not revisit the issue in subsequent litigation.

Appeal by plaintiff from orders entered 12 and 21 October 2005 by Judge Yvonne Mims Evans in Henderson County Superior Court. Heard in the Court of Appeals 21 September 2006.

*Thomas W. Hill, pro se, plaintiff-appellant.*

*No brief filed for defendants-appellees.*

GEER, Judge.

Plaintiff Thomas W. Hill appeals from two orders of the superior court, the first denying his request for a jury trial on his motion for sanctions under N.C.R. Civ. P. 11, and the second denying his motions for sanctions, attorney's fees, and costs. We conclude that there is no constitutional entitlement to a jury trial on the factual issues underlying a Rule 11 motion for sanctions. Further, because our review of the proceedings below reveals no evidence that could support the entry of such sanctions, we uphold the trial court's denial of plaintiff's Rule 11 motion. Finally, because plaintiff previously failed to challenge, in a prior appeal, the trial court's decision that he was not entitled to costs under Rule 41, we hold that he is precluded from now asserting this issue in the present appeal. We, therefore, affirm the trial court's orders.

<u>Facts</u>

This case presents the fifth and most recent appeal in nearly 10 years of ongoing litigation involving the estate of Sadie C. Hill. Sadie was the mother of five children, including plaintiff and defendant Garford Tony Hill ("Tony"). At various times after the death of her husband, Sadie transferred her interest in the family apple-packing business, an apple orchard containing the family home, and a second parcel of real estate to Tony and Tony's wife (defendant Jewel Anne Hill), the only children active with Sadie in the apple-packing business.

Sadie died in March 1997 and her will divided her assets equally among her children. When the original administratrix of Sadie's estate (plaintiff's sister, Barbara Garrison) declined plaintiff's request that

she bring suit, plaintiff filed the present action (97 CVS 725) against defendants in May 1997, alleging undue influence and fraud with respect to defendants' business dealings with Sadie and seeking the return of certain property to Sadie's estate. Although the trial court dismissed plaintiff's complaint, this Court later reversed that dismissal. *Hill v. Hill*, 130 N.C. App. 484, 506 S.E.2d 299 (1998) (unpublished), *cert. denied*, 537 S.E.2d 213 (1999).

Following the reversal, plaintiff filed a separate action (99 CVS 67) against a variety of defendants, including those in the present action, alleging misappropriation of corporate funds from the apple-packing business. The trial court entered summary judgment against plaintiff on all of his claims in that action and later awarded defendants their attorneys' fees and costs. This Court affirmed the trial court's award of summary judgment in *Hill v. Hill*, 147 N.C. App. 313, 556 S.E.2d 355 (2001) (unpublished), *appeal dismissed and disc. review denied*, 356 N.C. 301, 570 S.E.2d 507 (2002), and, in a separate opinion, substantially affirmed the fees and costs award, reversing only to the extent the trial court had awarded fees and costs on appeal, *Hill v. Hill*, 173 N.C. App. 309, 622 S.E.2d 503 (2005), *appeal dismissed and disc. review denied*, 360 N.C. 363, 629 S.E.2d 851 (2006).

On remand in this case, defendants filed a counterclaim and moved for sanctions under N.C.R. Civ. P. 11. Plaintiff responded with motions for Rule 11 sanctions as to defendants' counterclaim, attorneys' fees under N.C. Gen. Stat. § 6-21.5 (2005), and costs under N.C.R. Civ. P. 41(d). In January 2003, the trial court granted defendants summary judgment as to plaintiff's claims in this action, and defendants subsequently voluntarily dismissed their counterclaim and motion for Rule 11 sanctions without prejudice. Following plaintiff's appeal, this Court upheld the entry of summary judgment on plaintiff's claims. *Hill v. Hill*, 2004 N.C. App. LEXIS 1632, 2004 WL 1964898, 166 N.C. App. 279, 603 S.E.2d 168 (2004) (unpublished), *appeal dismissed and disc. review denied*, 359 N.C. 280, 609 S.E.2d 769 (2005).

Plaintiff's motion for Rule 11 sanctions, attorneys' fees, and costs in connection with defendants' dismissed counterclaim remained pending after the appeal of the summary judgment ruling. The trial court addressed these motions after taking testimony and considering several exhibits. The court ultimately entered orders denying plaintiff's request for a jury trial on his Rule 11 motion and declining

to award plaintiff sanctions, attorneys' fees, or costs. Plaintiff timely appealed to this Court.

### Discussion

**[1]** At the outset, we note that defendants' attorney, Cindy Hill Ford, although apparently licensed to practice law in Florida, is not licensed to practice law in North Carolina. "It is well settled that an out-of-state attorney has no absolute right to practice law in another forum. It is permissive and subject to the sound discretion of the Court." *State v. Hunter*, 290 N.C. 556, 568, 227 S.E.2d 535, 542 (1976), *cert. denied*, 429 U.S. 1093, 51 L. Ed. 2d 539, 97 S. Ct. 1106 (1977). The conditions under which an out-of-state attorney may be admitted to practice *pro hac vice* in this State are set forth in N.C. Gen. Stat. § 84-4.1 (2005).

Nothing in the record suggests that Ms. Ford complied with the requirements of N.C. Gen. Stat. § 84-4.1 before submitting defendants' brief to this Court. Further, Ms. Ford has since declined to return telephone calls from our Clerk of Court. In the absence of compliance with N.C. Gen. Stat. § 84-4.1, Ms. Ford may not participate in this appeal. *State v. Daughtry*, 8 N.C. App. 318, 319, 174 S.E.2d 76, 77 (1970).

We are aware that Ms. Ford was previously admitted to appear on defendants' behalf *pro hac vice* by the Supreme Court in connection with one of plaintiff's petitions for discretionary review. Nevertheless, prior to seeking to represent defendants in this appellate proceeding, she was required also to file a motion with this Court. *See Selph v. Post*, 144 N.C. App. 606, 609-10, 552 S.E.2d 171, 173 (2001) (noting that out-of-state attorney, who was admitted to practice *pro hac vice* in the trial court, was required to obtain separate permission from this Court in order to appear in connection with an appeal); *see also* N.C. Gen. Stat. § 84-4.1 (out-of-state attorneys may "be admitted to practice . . . for *the sole purpose* of appearing for a client in *the proceeding*" (emphases added)).

We note further that even if Ms. Ford acted in reliance upon her admission by the Supreme Court in connection with the petition for discretionary review, she has appeared in this appeal without associating local counsel, contrary to N.C. Gen. Stat. § 84-4.1(5). As our Supreme Court has held, "[t]he legislative requirement of local counsel is . . . mandatory and the court cannot waive it. It has no discre-

tion in that respect." *In re Smith*, 301 N.C. 621, 632-33, 272 S.E.2d 834, 841 (1981).

Because of Ms. Ford's failure to comply with N.C. Gen. Stat. § 84-4.1 and the absence of any other counsel appearing on behalf of defendants, we are compelled to strike defendants' brief as well as defendants' motions to dismiss and for sanctions. These items have not, therefore, been considered in the resolution of this appeal.

I

**[2]** Plaintiff first argues that he is entitled to a jury trial as to the factual disputes underlying his Rule 11 motion, namely, whether defendants' counterclaim was filed for an improper purpose. Our case law has not specifically addressed this issue.

The North Carolina Constitution provides: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N.C. Const. art. I, § 25. In construing this provision, our Supreme Court has held that the right to trial by jury applies "only to actions respecting property in which the right to jury trial existed either at common law or by statute at the time of the adoption of the 1868 Constitution." *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 517, 385 S.E.2d 329, 331 (1989).

Plaintiff makes no argument—and we can conceive of none—suggesting that there is any property right to be vindicated by receiving a jury trial on the facts underlying a motion for Rule 11 sanctions. Indeed, our Supreme Court concluded in *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 176, 594 S.E.2d 1, 12 (2004), that an award of punitive damages was not "property" specifically because "plaintiff's recovery of punitive damages is fortuitous, *as such damages are assessed solely as a means to punish the willful and wanton actions of defendants* and, unlike compensatory damages, do not vest in a plaintiff upon injury." (Emphasis added.) We find this rationale controlling: Rule 11 sanctions, like punitive damages, are assessed only as punishment for the improper actions of the opposing party. A party's entitlement to Rule 11 sanctions is not, therefore, an action respecting property, and the trial court properly denied plaintiff's request for a jury trial.

Additionally, Rule 11 was enacted by our legislature in 1967, long after the 1868 Constitution. Thus, because the right to seek Rule 11 sanctions "did not exist at common law or pursuant to statute in 1868," and Rule 11 itself does not explicitly provide a right to a jury

trial, no such right exists. *See State v. Morris*, 103 N.C. App. 246, 250, 405 S.E.2d 351, 353 (1991) (concluding that no jury trial right existed for applications for remission of forfeiture when right did not exist at common law or pursuant to statute in 1868, and the governing statutes did not create such a right).

This conclusion is further bolstered by this Court's decision in *Martin v. Solon Automated Servs., Inc.*, 84 N.C. App. 197, 201-02, 352 S.E.2d 278, 281, *appeal dismissed and disc. review denied*, 319 N.C. 674, 356 S.E.2d 789 (1987), in which we held that trial court orders imposing discovery sanctions—without a jury trial—do "not deny appellants' right to due process or trial by jury." There is no meaningful distinction for purposes of the right to a jury trial between Rule 11 sanctions and discovery sanctions. *See Brisson v. Santoriello*, 351 N.C. 589, 595, 528 S.E.2d 568, 571 (2000) (holding that separate rules of civil procedure addressing the same subject matter must be construed *in pari materia* and harmonized). This assignment of error is, accordingly, overruled.

II

**[3]** Plaintiff next argues that, even if he was not entitled to a jury trial under Rule 11, the trial court erred by declining to enter Rule 11 sanctions against defendants for the filing of their counterclaim and motion for Rule 11 sanctions against plaintiff. Rule 11 provides:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose . . . .

N.C.R. Civ. P. 11(a). When reviewing the decision of a trial court to grant or deny a motion to impose sanctions under Rule 11, we must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment. *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

Plaintiff's original complaint alleged fraud and undue influence by defendants with respect to their business transactions with Sadie. Plaintiff sought—among other things—the return of certain property to Sadie's estate and limitations on defendants' capacity to inherit from property "recovered as a result of this action." In response, defendants' counterclaim pointed to a forfeiture clause in Sadie's will, which provided that any beneficiary who contests "any of [Sadie's] legal transactions during [her] lifetime" forfeited the beneficiary's inheritance under the will, and sought a declaration that plaintiff had forfeited his right to share in Sadie's estate. Defendants also sought the imposition of sanctions under Rule 11 against plaintiff.

In denying plaintiff's motion for Rule 11 sanctions based upon defendants' counterclaim and Rule 11 motion, the trial court found that there was no "evidence that could support a finding that the Defendants or their counsel violated Rule 11 in any respect . . . ." On appeal, plaintiff argues only that the trial court erred by not finding that defendants' counterclaim and Rule 11 motion were filed for an improper purpose.

" '[T]he improper purpose prong of Rule 11 is separate and distinct from the factual and legal sufficiency requirements.' " *Brooks v. Giesey*, 334 N.C. 303, 315, 432 S.E.2d 339, 345 (1993) (quoting *Bryson v. Sullivan*, 330 N.C. 644, 663, 412 S.E.2d 327, 337 (1992)). As a result, even if a paper is well-grounded in fact and law, it may still have been served or filed for an improper purpose, and, therefore, violate Rule 11. *Id.*, 432 S.E.2d at 345-46.

Our courts have held that "[a]n improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (quoting *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992)). *See also Bryson*, 330 N.C. at 663, 412 S.E.2d at 337 (improper purpose is when litigant hopes only "to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay"). Whether a paper was filed for an improper purpose is reviewed under an objective standard, with the moving party bearing the burden of proving an improper purpose. *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689. "[T]he relevant inquiry is whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior." *Id.* A movant's subjective belief that a paper has been filed for an improper purpose is immaterial. *Id.* "There must be a strong infer-

ence of improper purpose to support imposition of sanctions." *Bass v. Sides*, 120 N.C. App. 485, 488, 462 S.E.2d 838, 840 (1995), *cert. denied*, 342 N.C. 651, 467 S.E.2d 703 (1996).

Plaintiff contends that defendants' counterclaim and Rule 11 motion were filed for the "improper purpose" of forcing him to abandon his attempt to recover assets formerly belonging to his mother. When viewed under an objective standard, however, the evidence indicates that the counterclaim was filed to vindicate defendants' rights under the forfeiture clause in Sadie's will. Although plaintiff complains that defendants and their counsel were threatening to deprive him of property should he persist in litigation, that is indeed what the forfeiture clause provided.[1]

Similarly, as to defendants' motion for Rule 11 sanctions, the evidence in the record objectively indicates only that defendants sought to obtain sanctions against plaintiff for bringing a frivolous claim. Given that this Court concluded in *Hill*, 173 N.C. App. at 314, 622 S.E.2d at 507, that plaintiff had "violated the factual certification requirement" of Rule 11 when he brought a substantially similar action against these and other defendants, we cannot now conclude that defendants' motion for Rule 11 sanctions against plaintiff for bringing similarly factually dubious claims was somehow improper. The trial court did not, therefore, err in finding no evidence of an improper purpose. This assignment of error is overruled.

### III

**[4]** Finally, plaintiff argues that he is entitled to recover the costs of defending against defendants' counterclaim under N.C.R. Civ. P. 41(d). In *Hill*, 2004 N.C. App. LEXIS 1632 at *17, 2004 WL 1964898 at *5, however, this Court addressed plaintiff's argument that under "Rule 41(d), defendants must be taxed with the costs of plaintiff's counterclaim defense." We concluded that plaintiff had failed to assign error to this issue, and, accordingly, declined to consider plaintiff's argument. *Id. See also* N.C.R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . .").

When a party fails to appeal a ruling on a particular issue, he is then bound by that failure and may not revisit the issue in subsequent litigation. *See In re Estate of Lunsford*, 160 N.C. App. 125, 129 n.1, 585

---

1. Nothing in this opinion should be construed as expressing any view as to the enforceability of the forfeiture clause.

S.E.2d 245, 248 n.1 (2003) (dismissing, on second appeal, appellant's constitutional statutory challenge because appellant failed to raise the issue in his first appeal), *rev'd on other grounds*, 359 N.C. 382, 610 S.E.2d 366 (2005). Plaintiff may not now, in a subsequent appeal, circumvent his prior decision to not assign error to the trial court's denial of his motion for costs under N.C.R. Civ. P. 41(d). Accordingly, this assignment of error is overruled.

Affirmed.

Judges STEELMAN and STEPHENS concur.

Judge STEPHENS concurred prior to 31 December 2006.