CAROL DALENKO, Plaintiff v. ROBERT A. COLLIER, JR., Defendant

No. COA07-1404

(Filed 5 August 2008)

### 1. Civil Procedure— judgment entered out of session—untimely objection

The trial court did not err by entering judgment out of session in a case alleging misconduct by an arbitrator because plaintiff failed to lodge a timely objection, and her consent was presumed under N.C.G.S. § 1A-1, Rule 58 where the session was concluded at 12:00 noon on a Friday and plaintiff filed a written objection at 4:49 p.m. on that day.

### 2. Pleadings— Rule 11 sanctions—gatekeeper order—good faith reliance upon attorney certification

The trial court did not err in a case alleging misconduct by an arbitrator by imposing N.C.G.S. § 1A-1, Rule 11 sanctions against plaintiff even though she contends she relied in good faith upon the certification of an attorney because: (1) a certification by an attorney required by a prior gatekeeper order does not insulate plaintiff from Rule 11 sanctions; (2) plaintiff signed the amended complaint as a pro se plaintiff and not in conjunction with an attorney; (3) nothing in the record indicated that plaintiff objectively relied upon the attorney's certification to form a reasonable belief that she had a valid claim against defendant, but instead the amended complaint showed that plaintiff prepared it and submitted it to the attorney for review as required by the gatekeeper order; (4) the attorney did not suggest to plaintiff that she file the complaint; and (5) the position taken by plaintiff on appeal is directly contrary to that taken by her before the trial court.

### 3. Pleadings— Rule 11 sanctions—findings of fact—conclusions of law—collateral estoppel—judicial immunity

The trial court did not err in a case alleging misconduct by an arbitrator by imposing N.C.G.S. § 1A-1, Rule 11 sanctions even though plaintiff contends they were not supported by the findings of fact and conclusions of law because: (1) plaintiff's action was barred by collateral estoppel as a result of the entry of an order confirming the arbitrator's award in the pertinent prior case where plaintiff was afforded a full and fair opportunity to litigate these same issues; (2) plaintiff failed to assign error to specific

findings of fact and instead resorted to an impermissible broadside attack; (3) plaintiff's brief merely argued, without citation of case authority, that her complaint was not frivolous; (4) contrary to plaintiff's argument, there was nothing in the record indicating a letter from the arbitrator was ever before the judge in connection with the prior matter; and (5) plaintiff's action was barred by judicial immunity applicable to arbitrators since the complaint alleged conduct within the course and scope of the arbitration proceeding.

**4. Constitutional Law— right to jury—Rule 11 sanctions**

The trial court did not violate plaintiff's right to a trial in a case alleging misconduct by an arbitrator by imposing N.C.G.S. § 1A-1, Rule 11 sanctions without a jury because there is no right to a jury trial when considering the facts underlying a Rule 11 sanction.

**5. Pleadings— Rule 11 sanctions—consideration of lesser sanctions—reasonableness of amount**

The trial court did not err in a case alleging misconduct by an arbitrator by imposing N.C.G.S. § 1A-1, Rule 11 sanctions allegedly without considering lesser sanctions or making an inquiry into the reasonableness of the award of attorney fees because: (1) the trial court stated it considered all available sanctions; and (2) the order found as fact that the amount of attorney fees awarded to defendant was appropriate based upon the amount of work required by the case and the experience of defense attorneys.

**6. Appeal and Error— preservation of issues—failure to cite authority—failure to argue**

Although plaintiff contends the trial court erred in a case alleging misconduct by an arbitrator by imposing N.C.G.S. § 1A-1, Rule 11 sanctions allegedly without giving plaintiff a right to be heard considering the amount of attorney fees, this assignment of error is dismissed because: (1) plaintiff cited no authority to support the contention as required by N.C. R. App. P. 28; (2) even assuming arguendo that the argument had been preserved, plaintiff failed to argue or show how the amount of attorney fees was in any manner unreasonable; and (3) the fact that the trial court rejected plaintiff's arguments does not mean that they were not considered.

**DALENKO v. COLLIER**

[191 N.C. App. 713 (2008)]

Appeal by plaintiff from judgment entered 7 May 2007 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 11 June 2008.

*Carol Dalenko, pro se, plaintiff-appellant.*

*The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., for defendant-appellee.*

PER CURIAM.

The trial court did not err in entering judgment out of session when plaintiff failed to timely object to such entry. The trial court did not err in imposing Rule 11 sanctions because a certification by an attorney required by a prior "gatekeeper order" does not insulate plaintiff from Rule 11 sanctions. Plaintiff's action was barred by collateral estoppel and by judicial immunity. The trial court did not err when it imposed Rule 11 sanctions on plaintiff without submitting this issue to a jury. The trial court did not err in deciding to award attorney's fees as a sanction under Rule 11 of the Rules of Civil Procedure when it considered lesser sanctions and the reasonableness of the fees.

## I. Factual and Procedural Background

This case arises from a prior case, *Peden Gen. Contrs., Inc. v. Bennett*, 172 N.C. App. 171, 616 S.E.2d 31 (2005), *disc. rev. denied*, 360 N.C. 176, 626 S.E.2d 648 (2005). The defendant in that case, (Bennett) is the plaintiff in the instant case (Dalenko). The facts which gave rise to the *Peden* case are set forth in detail in our prior opinion. The parties to the *Peden* case consented to submit their disputes to binding arbitration, and their agreement provided that: "The arbitration award shall be binding as an official court ordered judgment and shall be final as to all claims between Peden and Bennett." The trial court in *Peden* affirmed the arbitration award. This Court affirmed the ruling of the trial court.

On 14 February 2007 plaintiff filed a *pro se* amended complaint in the instant case against Robert A. Collier, Jr. (defendant), who had been the arbitrator in the *Peden* case. The complaint set forth two claims, both of which arose out of allegations of misconduct by defendant as arbitrator in the *Peden* case. The claims were for (1) negligence and gross negligence; and (2) breach of contract. Appended to plaintiff's amended complaint was a document styled "Rule 11 Certification" signed by attorney Kevin P. Hopper. This doc-

ument recited that a pre-filing injunction was imposed against plaintiff by Superior Court Judge Narley L. Cashwell in 2001. The "certification" stated that Mr. Hopper had read the amended complaint, and that in his opinion, it complied with Rule 11 of the North Carolina Rules of Civil Procedure. It further stated that Mr. Hopper was not making an appearance as counsel for the plaintiff.

Defendant filed a motion to dismiss and for sanctions under Rule 11 of the Rules of Civil Procedure on 5 March 2007. These motions were heard by Judge Gessner on 18 April 2007. During the course of the hearing, plaintiff filed a notice of voluntary dismissal without prejudice. On 7 May 2007, Judge Gessner entered an order imposing sanctions against plaintiff pursuant to Rule 11, and awarding attorney's fees to defendant in the amount of $ 5,985.00. Plaintiff appeals.

## II. Entry of Judgment Out of Session

[1] In her first argument, plaintiff contends that the trial court erred by entering its order out of session. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 58 (2007) sets forth the procedure for entry of a civil judgment. It provides that:

[C]onsent for the signing and entry of a judgment out of term, session, county, and district shall be deemed to have been given unless an express objection to such action was made on the record prior to the end of the term or session at which the matter was heard.

*Id.*

On 20 April 2007 at 4:49 p.m., plaintiff filed with the Clerk of Superior Court of Wake County a document styled "Notice of Objection to Entry Out of Session G.S. 1A-1, Rule 58." Plaintiff contends that since Judge Gessner's order was filed 7 May 2007, it was improperly entered due to her written objection.

Judge Gessner's order found as a fact that neither party objected to the entry of the order out of session or term at the 18 April 2007 hearing. It further found that the session for the week of 16 April 2007 was concluded at 12:00 noon on Friday, 20 April 2007, and that the session was already closed at the time that plaintiff filed her objection. Since plaintiff failed to assign error to this finding of fact, it is binding upon appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Thus, plaintiff failed to lodge a timely objec-

DALENKO v. COLLIER

[191 N.C. App. 713 (2008)]

tion to the entry of the order out of session, and her consent is presumed under Rule 58.

Further, we reject plaintiff's peculiar and unsupported assertion that "[i]t is generally accepted that the week long session of Superior Court closes at the end of the day on Friday, at 12:00 midnight, or more practically when the Clerk's office closes for business[.]"

This argument is without merit.

### III. Insulation from Rule 11 Sanctions

[2] In her second argument, plaintiff contends that she is insulated from the imposition of Rule 11 Sanctions because she relied in good faith upon the certification of Mr. Hopper. We disagree.

Our review in this matter is hampered by the fact that, while Judge Cashwell's "gatekeeper order" of 2001 against plaintiff is referenced in Mr. Hopper's certification, it is not included in the record on appeal. It is the duty of an appealing party to ensure that all documents and exhibits necessary to the resolution of the appeal be presented to the appellate court. *McKyer v. McKyer*, 182 N.C. App. 456, 463, 642 S.E. 2d 527, 532 (2007). We decline to engage in speculation as to the contents of Judge Cashwell's order.

Plaintiff argues that Mr. Hopper's certification completely and absolutely insulated her from the imposition of Rule 11 sanctions. She cites the Supreme Court case of *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). In that case plaintiffs and their counsel signed the complaint. The trial court imposed sanctions upon plaintiffs pursuant to Rule 11. The North Carolina Supreme Court held that the individual plaintiffs had relied in good faith upon the advice of their counsel that they had a valid claim. This was sufficient to establish plaintiff's "objectively reasonable belief in the legal validity of their claims." *Id.* at 662.

*Bryson* is distinguishable from the instant case. The certification explicitly states that Mr. Hopper was not plaintiff's attorney. Mr. Hopper reiterated this fact to Judge Gessner at one point during the hearing.

Rule 11 sanctions may be imposed against an attorney or party who signs a pleading.

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to

the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]

N.C. Gen. Stat. § 1A-1, Rule 11 (2007).

Plaintiff signed the amended complaint as a *pro se* plaintiff, not in conjunction with an attorney. Nothing in the record indicates that she relied upon Mr. Hopper's certification to determine that she had a valid claim against defendant. Rather, the amended complaint, on its face, shows that plaintiff prepared it and then submitted it to Mr. Hopper for review. This review was apparently required because of the prior "gatekeeper order" entered by Judge Cashwell. Mr. Hopper, as distinguished from the attorney in *Bryson*, did not suggest to plaintiff that she file the complaint. Nor does the record indicate that Mr. Hopper participated in the legal research, drafting, or filing of the complaint. Unlike *Bryson*, the record in this case does not support that plaintiff objectively relied upon Mr. Hopper to form a reasonable belief as to the legal validity of her claims against defendant.

Plaintiff seeks to turn the purpose of the "gatekeeper order" on its head. Her argument is essentially that if she gets an attorney to sign off on a certification, she can file any sort of action, regardless of its merit. As noted above, we do not have Judge Cashwell's order before us and cannot divine its terms, but clearly its purpose was not to insulate plaintiff from responsibility for her amended complaint under Rule 11. The trial courts cannot abdicate their duties and responsibilities under Rule 11 to a private attorney.

Finally, we note that the position taken by plaintiff on appeal is directly contrary to that taken by her before the trial court. In a document filed 20 April 2007, styled "Request for Judicial Notice," plaintiff asserted that the filing of the certification with her amended complaint "does not represent to the court that Judge Cashwell's pre-filing injunction in his June 27, 2001 Order in *Louis Dalenko v. Wake County DHS, et al.* (00-CVS-5994) is required in this unconnected dispute between different parties." What plaintiff contended was not applicable before the trial court she now seeks to have as her refuge on appeal. "[T]he law does not permit parties to swap horses between courts in order to get a better mount" in the appellate courts. *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E.2d 836, 838 (1934).

This argument is without merit.

DALENKO v. COLLIER

[191 N.C. App. 713 (2008)]

## IV. Findings of Fact and Conclusions of Law
## Supporting Rule 11 Sanctions

**[3]** In her third argument, plaintiff contends that the trial court erred in imposing Rule 11 sanctions because sanctions were not adequately supported by the trial court's findings of fact or conclusions of law. We disagree.

A trial court's decision to impose Rule 11 sanctions is reviewed *de novo* to determine whether the conclusions of law support the order, whether the findings of fact support the conclusions of law, and finally, if there is sufficient evidence to support the findings of facts. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

The conclusions of law in Judge Gessner's order support the imposition of Rule 11 sanctions. N.C. Gen. Stat. § 1A-1, Rule 11 states that a sanction must be imposed when the document signed is not in accordance with the facts, not warranted by law, or is promulgated for an improper purpose. Judge Gessner concluded plaintiff's complaint was frivolous and not warranted by law.

Judge Gessner's order contained two ultimate findings of fact. *See Woodard v. Mordecai*, 234 N.C. 463, 67 S.E.2d 639 (1951). These are as follows: first, the trial court found that "[p]laintiff's claims in this matter are frivolous and have no basis in law or fact"; and second, that "[p]laintiff's claims in this matter are barred by the doctrine of collateral estoppel."

## A. Collateral Estoppel

Judge Gessner held that plaintiff's claims were not warranted because they were barred by collateral estoppel as a result of the entry of an order confirming the arbitrator's award in *Peden*.

We note that plaintiff failed to assign error to specific findings of fact by the trial court, and instead resorts to a broadside attack on the order "that its findings are not supported by pleadings, submissions, evidence of record and arguments of the parties and do not support its conclusions . . ." We have repeatedly held that such an assignment of error does not preserve the issue for appellate review. *See, e.g. Wade v. Wade*, 72 N.C. App. 372, 375-76, 325 S.E.2d 260, 266 (1985); *Lancaster v. Smith*, 13 N.C. App. 129, 185 S.E.2d 319 (1971). Further, plaintiff's brief merely argues, without citation of case authority, that her complaint was not frivolous. *See Dogwood Dev. & Mgmt. Co.*,

*LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008) (noting that "in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review."). We hold that Judge Gessner's findings of fact are binding upon this Court on appeal. N.C. R. App. P. 28 (2008).

The doctrine of collateral estoppel applies if the issues to be litigated in the current action are the same as those involved in a prior action and if these material, relevant and necessary issues were actually litigated in the prior action. *McInnis v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). Although mutuality of parties was traditionally required to invoke collateral estoppel, this requirement has been abandoned so long as "the party which is collaterally estopped had a full and fair opportunity to litigate the issue in an earlier action." *Id.* at 432, 349 S.E.2d at 559. In the instant case, plaintiff was the identical party in the *Peden* case.

Judge Gessner found that the claims brought by plaintiff in the instant case were identical to those decided at the confirmation hearing for the *Peden* arbitration. This finding is supported by the record.

In *Peden*, there was a hearing before the Honorable Donald W. Stephens in the Superior Court of Wake County concerning the confirmation of defendant's arbitration award on 29 September 2003. At that hearing, plaintiff sought to have the arbitration award vacated pursuant to the provisions of N.C. Gen. Stat. § 1-567.13 (2002)[1] based upon alleged misconduct of defendant as arbitrator. Plaintiff asserted partiality of the arbitrator, corruption, or misconduct prejudicing the rights of the parties to the arbitration. N.C. Gen. Stat. § 1-566.13 (2002). Judge Stephens confirmed the arbitration award, finding that:

> Upon careful evaluation of all the information presented to the Court under oath on behalf of Defendant to challenge, modify or set aside the arbitrator's award, the Court finds and concludes that Carol Bennett is totally and completely unworthy of belief. The Court does not believe any of Ms. Bennett's testimony. Her testimony is rejected in its entirety as incredible and having no credible basis in law or fact. She is completely unworthy of belief.

Judge Stephens then held that "[t]here is no credible evidence of record that the arbitrator's award was procured by corruption, fraud or undue means, or that the arbitrator engaged in misconduct, or

---

1. This statute was repealed by 2003 N.C. Sess. Laws ch. 345, effective 1 January 2004.

that he was not neutral or that he exceeded his powers. Therefore the arbitrator's award is confirmed and affirmed."

The claims raised by plaintiff in the instant case arise out of the identical arbitration award that was confirmed by Judge Stephens in *Peden.* Plaintiff alleged that defendant was not impartial because he had a "personal business interest in contracting"; that he was clearly biased because he did not rule entirely in plaintiff's favor; and that he did not allow her to call an expert witness in rebuttal. While plaintiff's claims are couched as actions in negligence and breach of contract, it is evident that the claims arose out of the same alleged conduct that took place in the context of the *Peden* arbitration.

We hold that because plaintiff was afforded a full and fair opportunity to litigate these same issues before Judge Stephens, and these issues were in fact ruled upon by Judge Stephens, Judge Gessner correctly ruled that plaintiff's claims were barred by collateral estoppel.

Plaintiff further argues that she did not have a fair opportunity to litigate her claims before Judge Stephens because of a letter written by defendant to the court. Following entry of the arbitration award, plaintiff wrote a letter to defendant, complaining about the arbitration award, and apparently requesting that she depose defendant. In response, defendant wrote a letter to plaintiff, with copies to the other parties and to Wake County Superior Court Judge Abraham P. Jones, who had been involved with the case when it went to arbitration. In relevant part, this letter stated:

> In reply to your inquiry about my availability to be deposed, I know of no provision for deposing the arbitrator absent an objective basis for such and I certainly would not be inclined to devote any additional time to the case until my past time and expenses are paid. In fifteen years of full time arbitrating and mediating all over North Carolina and in other states I have never been sought to be deposed and cannot conceive of any objective basis for it in this case. It would be an unnecessary and unjustified inconvenience and expense for all those involved.

> This dispute should have been resolved years ago and has already cost everyone involved far more in money, effort, time and frustration than can be rationally justified. It needs to end and everyone get on with their lives. . . .

There is nothing in the record that indicates that this letter was ever before Judge Stephens in connection with the *Peden* matter.

Further, even if it was, there is nothing in the letter that could possibly have prejudiced Judge Stephens at the arbitration confirmation hearing.

This argument is without merit.

### B. Arbitrator Immunity

We further hold that plaintiff's claims were barred under the doctrine of judicial immunity which is applicable to arbitrators.[2]

The federal common law has long recognized that arbitrators are clothed with judicial immunity. *Howland v. United States Postal Service*, 209 F. Supp. 2d 586, 592 (W.D.N.C. 2002) (holding that judicial immunity extends not only to public officials but also to some private citizens, specifically arbitrators); *see also Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d. 882 (2nd Cir. 1990). Whether a private citizen is clothed with judicial immunity is based on a functionality test. *Burns v. Reed*, 500 U.S. 478, 499-500, 114 L. Ed. 2d 547, 567-68 (1991) (Scalia, J., concurring in part; dissenting in part) (explaining that private citizens acting as arbitrators are afforded judicial immunity when performing the function of resolving disputes between parties, or of authoritatively adjudicating private rights).

We find persuasive the reasoning contained in the case of *Shrader v. National Assoc. of Securities Dealers, Inc.*, 855 F. Supp. 122 (E.D.N.C. 1994), which applied North Carolina substantive law and held:

> The doctrine of judicial immunity is sufficiently well-developed under North Carolina substantive law to encompass the facts of this case and to afford the arbitrators and those in support thereof who are defendants in this case, arbitrator immunity, which will exempt them from civil liability for their activities as arbitrators within the course and scope of the arbitration proceeding.

*Id.* at 123-24.

We hold that in the *Peden* case, defendant was sitting as an arbitrator to resolve a dispute pending in the courts of Wake County.

---

2. In 2003, the General Assembly enacted N.C. Gen. Stat. § 1-569.14(a) codifying judicial immunity for arbitrators. 2003 N.C. Sess. Laws ch. 345, § 5.2. This statute was effective 1 January 2004 and applied to agreements to arbitrate entered into after that date. Since the *Peden* arbitration agreement was entered into on 10 September 2002, the amendment is not applicable to this case.

Under the functionality test, defendant was entitled to judicial immunity and was immune from the claims asserted in the instant case. Plaintiff's complaint alleges conduct which was clearly within the course and scope of the arbitration proceeding. Plaintiff's claims were barred by arbitrator immunity, and the trial court correctly found them to be frivolous.

## V. Imposition of Sanctions Without A Jury Trial

[4] In her fourth argument, plaintiff contends that the trial court violated her right to a trial by imposing Rule 11 sanctions without a jury. We disagree.

There is no right to a jury trial when considering the facts underlying a Rule 11 sanction. *Hill v. Hill*, 181 N.C. App. 69, 73, 638 S.E.2d 601, 604 (2007). This argument is without merit.

## VI. Consideration of Lesser Sanctions by the Trial Court

[5] In her fifth argument, plaintiff contends that the trial court erred in imposing Rule 11 sanctions by not considering lesser sanctions or making an inquiry into the reasonableness of the award of attorneys fees. We disagree.

A trial judge, when imposing Rule 11 sanctions, must explain why the chosen sanction is appropriate and also why the amount of such is appropriate. *Davis v. Wrenn*, 121 N.C. App. 156, 160, 464 S.E.2d 708, 711 (1995). Judge Gessner sufficiently satisfied these demands in his order, which stated that he had considered "all available sanctions." The order further found as fact that the amount of attorney's fees awarded to defendant was appropriate based upon the amount of work required by the case and the experience of defendant's attorneys.

This argument is without merit.

## VII. Amount of Attorney's Fees

[6] In her sixth argument, plaintiff contends that the trial court erred in imposing Rule 11 sanctions without giving her a right to be heard considering the amount of the award of attorney's fees. Plaintiff cites no authority to support this contention. As such, we treat this argument as abandoned. N.C. R. App. P. 28 (2008).

Even assuming *arguendo* that this argument has been preserved for our review, it is without merit. Plaintiff fails to argue or show to this Court how the amount of attorney's fees was in any manner

unreasonable. Defendant's counsel filed their affidavit for attorney's fees on 20 April 2007. The order was entered on 7 May 2007, although' filings by plaintiff following the hearing indicate that there was a proposed order extant as of 20 April 2007, which contained the essential findings and conclusions made in the final order. In her filings, plaintiff objected to the amount of fees because some of the time spent by defendant's counsel dealt with the issue of judicial immunity and *res judicata.* This document shows that plaintiff did have the opportunity to present her objections to the amount of attorney's fees to the trial court. The fact that the trial court rejected plaintiff's arguments does not mean that they were not considered. Even if plaintiff was not afforded a hearing, she has failed to show prejudice arising from this asserted error.

This argument is without merit.

AFFIRMED.

Panel consisting of Judges McGEE, BRYANT, and STEELMAN.