STEWART C. VELEZ, Plaintiff v. DICK KEFFER PONTIAC-GMC TRUCK, INC., and CENTURA BANK, Defendants

No. COA00-786

(Filed 3 July 2001)

**1. Appeal and Error— appealability—interlocutory discovery order—appeal by codefendant—effect on jurisdiction of trial court**

In a car purchaser's action against the dealer and a bank for fraud and unfair trade practices, the trial court had jurisdiction to enter an order compelling discovery against defendant bank even though defendant dealer's appeal of an order compelling discovery against it was then pending where the order against the dealer was interlocutory and not immediately appealable.

**2. Discovery— bank customer's financial records—production by bank—not violation of Financial Privacy Act**

The trial court's order compelling the production of documents by defendant bank in a car purchaser's action for fraud and unfair trade practices against the bank and the car dealer did not violate the Financial Privacy Act because (1) the Act applies only to access to financial records by a government authority; (2) although the superior court is, in a general sense, an agency of the State, the fact that the superior court compelled discovery pursuant to plaintiff's motion did not transform plaintiff's discovery request into a request by a government authority; and (3) it was not necessary for plaintiff to comply with the stringent service requirements of N.C.G.S. § 53B-5 in order to obtain discovery of a bank customer's financial records from the bank.

**3. Discovery— factual work product—hardship requirement—safeguards**

The trial court did not abuse its discretion in an action for misrepresentation and unfair and deceptive trade practices arising out of plaintiff's purchase of a vehicle by concluding plaintiff was entitled to discovery of certain factual work product information created by defendant bank based on the trial court's determination that plaintiff met the hardship requirement, because: (1) plaintiff adequately demonstrated that he has a substantial need of this information to prepare his case; (2) plaintiff demonstrated he is unable to obtain this informa-

tion from any other source; (3) the trial court ordered this information be presented under a protective order; (4) the trial court ordered that any information the bank believed to contain opinion work product may be submitted first to the trial court for an in camera review; and (5) the trial court ordered that prior to the use of any information gleaned, that information must be disclosed to the bank's counsel and any party affected, and they must be allowed an opportunity to be heard.

Appeal by defendant Centura Bank from order entered 19 April 2000 by Judge Melzer A. Morgan, Jr. in Iredell County Superior Court. Heard in the Court of Appeals 14 May 2001.

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley, for the plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by John S. Arrowood, for defendant-appellant Centura Bank.*

EAGLES, Chief Judge.

Defendant Centura Bank, (hereinafter "Centura"), appeals from an interlocutory order compelling certain discovery. Because we conclude that this discovery order does not affect a substantial right of Centura, we dismiss the appeal.

Plaintiff filed a complaint on 26 April 1999 seeking compensatory and punitive damages, treble damages and injunctive relief for fraud, misrepresentation and unfair and deceptive trade practices, stemming from plaintiff's purchase of a 1998 Pontiac Sunfire. On 17 May 1999, plaintiff served interrogatories and requests for production of documents on Defendant Dick Keffer Pontiac-GMC Truck, Inc. (hereinafter "Dick Keffer") and Centura. During the 25 October 1999 civil session, the trial court heard plaintiff's motion to compel discovery from Dick Keffer for failure to provide certain documents and answers to the discovery requests. On 9 December 1999, the trial court issued a protective order and compelled discovery from Dick Keffer.

Also on 9 December 1999, the trial court heard plaintiff's motion to compel discovery from Centura. The trial court took the matter under advisement without objection. Before the trial court ruled on the motions against Centura, Dick Keffer filed notice of appeal on 7 January 2000. In its 19 April 2000 order compelling discovery from

Centura, the trial court found as a fact that the discovery issues between plaintiff and Dick Keffer and plaintiff and Centura were not affected by each other. It is from the 19 April 2000 order that Centura appeals.

## A. Jurisdiction

**[1]** Centura first argues that the trial court was without jurisdiction to enter the April 2000 order due to the pending appeal of Dick Keffer. We disagree.

Dick Keffer's appeal has been dismissed today by this Court because it is interlocutory and fails to assert a substantial right. When a litigant appeals from an appealable interlocutory order, the appeal operates as a stay of all proceedings in the trial court relating to the issues included therein. G.S. 1-294; *Lawrence v. Lawrence*, 226 N.C. 221, 37 S.E.2d 496 (1946); *Veazey v. Durham*, 231 N.C. 357, 364, 57 S.E.2d 377, 382 (1950).

However, a litigant cannot deprive the trial court of jurisdiction to determine a case on its merits by appealing from a nonappealable interlocutory order of the trial court. *Veazey*, 231 N.C. at 364, 57 S.E.2d at 382. Our Supreme Court in *Veazey* further stated as follows:

> Our conclusion on this aspect of the controversy finds full sanction in previous decisions of this Court adjudging that when an appeal is taken to the Supreme Court from an interlocutory order of the Superior Court which is not subject to appeal, the Superior Court need not stay proceedings, but may disregard the appeal and proceed to try the action while the appeal on the interlocutory matter is in the Supreme Court.

*Id.* at 364, 57 S.E.2d at 383; *State v. Davis*, 203 N.C. 316, 166 S.E. 292 (1932); *Goodman v. Goodman*, 201 N.C. 794, 161 S.E. 688 (1931).

Our Supreme Court in *Harrell v. Harrell*, 253 N.C. 758, 117 S.E.2d 728 (1961), held "where an interlocutory order is not subject to appeal, the Superior Court need not stay proceedings pending dismissal of the appeal in Supreme Court." *Id.* at 761, 117 S.E.2d at 730. In *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 603, 481 S.E.2d 347, 348 (1997), plaintiffs appealed the denial of a motion *in limine*. *Id.* The trial court proceeded with trial and plaintiffs refused to put on any evidence. This Court held: "In this case because plaintiffs had no right to appeal the granting of the

motion *in limine,* the trial court was not deprived of jurisdiction and did not err in calling the case for trial and dismissing it when plaintiffs failed to offer any evidence. *See* N.C.G.S. § 1A-1, Rule 41(b) (1990) (allowing dismissal of action for failure to prosecute)." *T&T Development,* 125 N.C. App. at 603, 481 S.E.2d at 348.

Although both of these cases were heard by this Court 14 May 2001, Dick Keffer's notice of appeal was filed 7 January 2000 and the record was settled by 14 February 2000. Centura's notice of appeal was filed 12 May 2000 and the record was settled by 7 July 2000. These appeals were heard together because of factual similarities. Since Dick Keffer had no right of immediate appeal regarding the discovery order, there was no stay of proceedings. *Veazey,* 231 N.C. at 364, 57 S.E.2d at 383. Thus, on this record we hold that the trial court retained jurisdiction over all matters relating to Iredell County No. 99 CVS 911.

### B.  Financial Privacy Act

[2]  Centura next argues that interrogatories #10 and #11 and request for production of documents #5 are in violation of the Financial Privacy Act, Chapter 53 of the General Statutes. Thus, although this appeal is interlocutory, Centura argues that it has asserted a substantial right, which if not immediately addressed will work irreparable injury. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.,* 88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987). While certainly if the Financial Privacy Act was implicated here, it would raise a substantial right; we disagree that the act covers this discovery request.

It is the stated policy of the Financial Privacy Act "that financial records should be treated as confidential and that no financial institution may provide to any government authority and no government authority may have access to any financial records except in accordance with the provisions of this Chapter." G.S. 53B-3 (Reg. Sess., 1986). The statute further defines a "government authority" as "an agency or department of the State or of any of its political subdivisions, including any officer, employee, or agent thereof." G.S. 53B-2(4). The statute denotes the situations under which a government authority may access a customer's financial record held by a financial institution. There is a "catchall provision" which has specific mandatory service requirements that are delineated in G.S. 53B-5. Centura argues that in order for the Superior Court to order production of these interrogatories, the Superior Court must ensure that the service requirements of G.S. 53B-5 have been met. We disagree.

The plaintiff made this discovery request pursuant to N.C.R. Civ. P. 33 and 34. That Centura objected and the Superior Court compelled discovery pursuant to a motion made by plaintiff does not somehow transform the plaintiff's discovery request into a request by a government authority. Discovery rules "should be liberally construed in order to accomplish the important goal of 'facilitat[ing] the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial.'" *Williams v. N.C. Dept. of Correction*, 120 N.C. App. 356, 359, 462 S.E.2d 545, 547 (1995); *Telegraph Co. v. Griffin*, 39 N.C. App. 721, 726, 251 S.E.2d 885, 888 (1979). To hold that the Financial Privacy Act applies to discovery requests made by private parties in the midst of litigation would severely limit the application of available discovery methods. Financial institutions could use the act inappropriately as a sword to frustrate any litigant's attempt to hold the institution liable for its actions, rather than as a shield to protect customers from unwarranted government intrusion. The General Assembly, when enacting the Financial Privacy Act, did not intend to relieve financial institutions from accountability for their actions by permitting the institutions to refuse to participate in discovery in litigation.

"[W]here a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Petty v. Owen*, 140 N.C. App. 494, 499, 537 S.E.2d 216, 219 (2000); *Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979). Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible. *Clark v. ITT Grinnell Industrial Piping, Inc.*, 141 N.C. App. 417, 426, 539 S.E.2d 369, 375 (2000); *Meyer v. Walls*, 122 N.C. App. 507, 512, 471 S.E.2d 422, 427 (1996). Accordingly, we hold that although the Superior Court is, in a general sense, an agency of the State, the General Assembly did not intend for financial institutions to be able to utilize the Financial Privacy Act to shield themselves from private rights of action and court orders. Otherwise, financial institutions could regularly refuse to comply with litigation-related discovery requests from private entities, force litigants to resort to motions to compel and then be shielded from production by their interpretation of the stringent requirements of G.S. 53B-5.

## C. Work Product

[3] Centura also excepted to the trial court's order that any factual work product created by Centura be disclosed to the plaintiff pursuant to interrogatory #16. In *Evans v. USAA*, 142 N.C. App. , 541 S.E.2d 782, *disc. rev. denied*, 353 N.C. 371, S.E.2d (2001), this Court addressed work product stating:

> The protection given to matters prepared in anticipation of trial, or "work product," is not a privilege, but a "qualified immunity." *Willis v. Power Co.*, 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976). "The protection is allowed not only [for] materials prepared after the other party has secured an attorney, but those prepared under circumstances in which a reasonable person might anticipate a possibility of litigation." Id. If a document is created in anticipation of litigation, the party seeking discovery may access the document only by demonstrating a "substantial need" for the document and "undue hardship" in obtaining its substantial equivalent by other means. N.C. Gen. Stat. § 1A-1, Rule 26(b) (3). Materials that are prepared in the ordinary course of business, however, are not protected by the work product immunity. *Willis*, 291 N.C. at 35, 229 S.E.2d at 201. Furthermore, work product containing the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation in which the material is sought" is not discoverable. N.C. Gen. Stat. § 1A-1, Rule 26(b) (3); National Union Fire Ins. v. Murray Sheet Metal, 967 F.2d 980, 983-84 (4th Cir. 1992).

*Id.* at ——, 541 S.E.2d at 788-89. At the hearing, plaintiff's counsel presented his affidavit stating that he was in substantial need of the information requested and that he had no other means of obtaining the information. Centura argues that a "bare bones" affidavit which espouses the correct standard but is without detail is not sufficient to sustain the trial court's holding.

The trial court found as a fact that "plaintiff has adequately demonstrated that he has a substantial need of this information to prepare his case. The Court further concludes that Plaintiff is unable to obtain this information from any other source, thus he has met the hardship requirement of obtaining work product information." The trial court's order was not based solely on this affidavit. The trial court stated that its order was based on "pleadings, memoranda, affidavits and arguments of counsel." As the oral arguments of counsel

are not in the record on appeal, we are unable to review the showing of substantial need and undue hardship made by the plaintiff. It is "well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion." *Evans*, 142 N.C. App. at ——, 541 S.E.2d at 788; *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480 (1977).

We note that the trial court ordered that this information be presented under a protective order. Further, the court ordered that any information that Centura believed to contain opinion work product may be submitted first to the trial court for an *in camera* review. Finally the court ordered that prior to the use of any information gleaned, in any hearing of this case, that information must be disclosed to Centura's counsel and any party affected; and they must be allowed an opportunity to be heard. Since the trial court put stringent safeguards in place to protect against abuse and discovery orders are within the trial court's discretion, on this record, we hold that the trial court did not err in compelling discovery of Centura's factual work product. The defendant's appeal is dismissed in part. The trial court's order is affirmed in part.

Accordingly the defendant's appeal is

Dismissed in part, affirmed in part, and remanded.

Judges McGEE and TYSON concur.