DEBORAH WINDMAN ADMINISTRATRIX of the Estate of JAMES PIERCE, deceased, Plaintiff v. BRITTHAVEN, INC. d/b/a BRITTHAVEN OF LOUISBURG and HILLCO, LTD, Defendants

No. COA04-1414

(Filed 4 October 2005)

**1. Appeal and Error— appealability—discovery order—statutory privilege—substantial right**

The appeal of an interlocutory discovery order was not premature because it fell within an exception for a party asserting a statutory privilege which directly relates to the matter to be disclosed.

**2. Discovery— peer review reports—nursing homes—effective dates**

The trial court did not abuse its discretion by concluding that nursing home reports were not protected by any peer review privilege and granting a motion to compel production.

Appeal by Defendants from order entered 17 May 2004 by Judge Leon Stanback in Superior Court, Vance County. Heard in the Court of Appeals 13 September 2005.

*Ferguson, Stein, Chambers, Gresham & Sumter, P.A., by Adam Stein, and Henson Fuerst, P.A., by Thomas W. Henson, Jr., for plaintiff-appellee.*

*Yates, McLamb & Weyher, LLP, by Michael C. Hurley and Erin D. McNeil, for defendant-appellants.*

WYNN, Judge.

In North Carolina, orders regarding discovery matters will not be upset on appeal absent a showing of abuse of discretion. *Velez v. Dick*

*Keffer Pontiac-GMC Truck, Inc.*, 144 N.C. App. 589, 595, 551 S.E.2d 873, 877 (2001). Here, Defendants (who operate a nursing home) assert the trial court erred by compelling the production of statutory peer review documents that were privileged under N.C. Gen. Stat. § 90-21.22A(c) (2003). Because nursing home privileges are covered under N.C. Gen. Stat. § 131E-107 which at the time of the trial court's order contained no protection from discovery of materials produced by nursing home peer review committees, we uphold the trial court's order compelling discovery.

In August 2003, Plaintiff Deborah Windman brought actions against Defendants Britthaven, Inc. d/b/a Britthaven of Louisburg and Hillco, Ltd., seeking damages for the death of her father, James Pierce, while he resided at Defendants' nursing home facility. She alleged that Mr. Pierce suffered damages including a broken hip, pain and suffering, and wrongful death as a result of Britthaven's negligence.

In October 2003, Ms. Windman served Britthaven with Requests for Production of Documents seeking, *inter alia*, "[a]ny and all incident/accident reports, unusual occurrence reports, or various reports in your control which relate or pertain in any way to James L. Pierce, including, but not limited to, any incident reports submitted to the N.C. Department of Human Resources as required by NCAC T10 :03H.0317(c)." In response, Britthaven asserted the documents were protected from discovery under the statutory peer review privileges of N.C. Gen. Stat. § 90-21.22A(c) (2003). Thereafter, Ms. Windman filed a Motion to Compel production of the documents and Britthaven filed a Motion for Protective Order.

After reviewing the incident report documents *in camera*, the trial judge granted Ms. Windman's Motion to Compel and denied Britthaven's Motion for Protective Order. From this Order, Britthaven appeals.

[1] Preliminarily, we observe that the trial court's order compelling discovery is interlocutory from which there is generally no right to appeal. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003); *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy.).

WINDMAN v. BRITTHAVEN, INC.

[173 N.C. App. 630 (2005)]

Here, Britthaven claims a right to appeal based upon the established exception that delaying this appeal would prejudice a substantial right. *See N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995); *Liggett Group Inc. v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). Indeed, although discovery orders do not generally affect substantial rights, we find merit in Britthaven's assertion that this appeal falls under one of the recognized narrow exceptions to that rule—where a party asserts a statutory privilege. which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial. *Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999). Because Britthaven asserts that the ordered documents were protected from discovery under section 90-21.22A of the North Carolina General Statutes and we find that that assertion is not frivolous or insubstantial, we hold that the discovery order affects a substantial right. *Id.* Accordingly, we deny Ms. Windman's motion to dismiss this appeal as interlocutory.

**[2]** On appeal, Britthaven argues that the trial court abused its discretion in concluding that the documents produced for *in camera* inspection were not protected by any peer review privilege. We disagree.

"It is 'well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion.' " *Velez*, 144 N.C. App. at 595, 551 S.E.2d at 877 (quoting *Evans v. United Servs. Auto Ass'n*, 142 N.C. App. 18, 27, 541 S.E.2d 782, 788, *disc. review denied*, 353 N.C. 371, 547 S.E.2d 810 (2001)). Therefore, we review the trial court's order granting Ms. Windman's Motion to Compel for abuse of discretion.

Britthaven contends that the incident/accident reports are protected by section 90-21.22A(c) of the North Carolina General Statutes which, in part, states:

> The proceedings of a medical review committee, the records and materials it produces, and the materials it considers shall be confidential and not considered public records within the meaning of G.S. 132-1, 131E-309, or 58-2-100; and shall not be subject to discovery or introduction into evidence in any civil action against a provider of health care services who directly provides services and is licensed under this Chapter, a PSO licensed under Article

17 of Chapter 131E of the General Statutes, an ambulatory surgical facility licensed under Chapter 131E of the General Statutes, or a hospital licensed under Chapter 122C or Chapter 131E of the General Statutes or that is owned or operated by the State[.]

N.C. Gen. Stat. § 90-21.22A(c) (2003). However, for this section to protect the documents at issue from discovery, Britthaven must fit into one of the following four categories: (1) a provider of health care services who directly provides services and is licensed under Chapter 90; (2) a PSO licensed under Article 17 of Chapter 131E of the General Statutes; (3) an ambulatory surgical facility licensed under Chapter 131E of the General Statutes, or (4) a hospital licensed under Chapter 122C or Chapter 131E of the General Statutes or that is owned or operated by the State. N.C. Gen. Stat. § 90-21.22A(c). Nursing homes are licensed under the Nursing Home Licensure Act which is located in Article 6, Chapter 131E of the North Carolina General Statutes. Nursing homes do not fit into any of the four categories of health care providers whose records and materials from medical review committees are protected from discovery. Therefore, section 90-21.22A does not protect Britthaven's incident/accident reports from discovery.

Instead, Section 131E-107 of the North Carolina General Statutes addresses peer review committees for nursing homes. At the time of the trial court's order, section 131E-107 contained no protection from discovery for any materials produced by the peer review committees. N.C. Gen. Stat. § 131E-107 (2003). However, section 131E-107 was recently amended to protect records and materials produced by peer review committees from discovery. N.C. Gen. Stat. § 131E-107(b) (2005). The amendment became effective 2 August 2004, several months after the 17 May 2004 order compelling discovery and therefore does not apply to this case. 2004 N.C. Sess. Laws 149, s.2.2.

As neither section 90-21.22A nor section 131E-107 protect the incident/accident reports from discovery, the trial court did not err in concluding that "[t]he reports requested by the plaintiff are not protected by any peer review privilege of state and federal law." Accordingly, the trial court did not abuse its discretion in granting Ms. Windman's Motion to Compel the *in camera* documents.

Affirmed.

Judges CALABRIA and LEVINSON concur.