CAROL DALENKO D/B/A BRIGHTON STABLES, PLAINTIFF v. PEDEN GENERAL CONTRACTORS, INC. AND JAMES M. PEDEN, JR., JAMES M. PEDEN, III, INDIVIDUALLY, AND AS OFFICERS AND SHAREHOLDERS OF PEDEN, DEFENDANTS

No. COA08-170

(Filed 19 May 2009)

**1. Trials— motion for a particular judge—arbitration agreement—purported contract right**

The trial court did not abuse its discretion by denying plaintiff's motion to have a particular judge preside over the case where plaintiff argued that she had a contractual right to have that judge preside over all matters arising from an arbitration agreement. Parties to litigation do not have the right to contract for a specific judge; additionally, the arbitration award was confirmed and all appeals exhausted, so that the case ended and with it any purported right to have the particular judge continue to preside.

**2. Appeal and Error— further jurisdiction in trial court—appeal of nonappealable interlocutory order**

The appeal of a trial court order denying plaintiff's motion to have a particular judge assigned to the case did not divest the trial court of jurisdiction to hear further matters. A trial court is not divested of its jurisdiction when the litigant appeals a nonappealable interlocutory order.

DALENKO v. PEDEN GEN. CONTR'RS, INC.

[197 N.C. App. 115 (2009)]

### 3. Judges— motion to recuse—denial—no error

There was no merit to plaintiff's contention that the trial judge's refusal to recuse himself prejudiced her right to a fair hearing before an impartial court. Plaintiff's written motion was not timely filed, her objections were raised only at the end of the hearing, plaintiff did not articulate before the trial judge any objective reason for the judge to recuse himself, or a sufficiently forceful basis for delegating the decision to another judge, and arguments not raised at trial were not properly before the appellate court.

### 4. Arbitration and Mediation— claim for breach of agreement—case previously resolved

The trial court correctly dismissed an action premised on the misconception that plaintiff has a claim for breach of an arbitration agreement in a case that has been resolved.

### 5. Arbitration and Mediation— claims from agreement—prior case fully resolved—relitigation—not allowed

Although plaintiff contended that claims arising from an arbitration agreement have never been litigated, the prior lawsuit was fully and finally resolved. Plaintiff cannot seek to reopen a previously litigated matter through a breach of contract action based upon the arbitration agreement.

### 6. Pleadings— amended complaint—subject to Rule 12(b)(6) dismissal—gatekeeper certification revoked

An amended complaint by a plaintiff was properly dismissed where the trial court ruled that the action would have been dismissed under Rule 12(b)(6) even considering the amended complaint, and the Rule 11 certification by a licensed attorney required in a gatekeeper order was revoked by the attorney.

### 7. Judges— inherent power—prohibition of future frivolous litigation

The trial courts have the inherent power to prohibit future frivolous and repetitive litigation, and the court here did not abuse its discretion by barring further actions pertaining to this dispute.

**8. Judges— threat of criminal contempt—not abuse of discretion**

The threat of criminal contempt to a plaintiff if she filed further claims in the same matter was a warning about the consequences of future conduct and not an abuse of discretion.

**9. Liens— uncertainty as to current status—order cancelling**

The trial court did not err by entering an order cancelling a lien where the order resolved uncertainty about whether the lien had been cancelled.

Appeal by plaintiff from orders filed 20 July 2007, 23 July 2007, and 4 September 2007 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 24 September 2008.

*Carol Dalenko, pro se, plaintiff-appellant.*

*Nicholls & Crampton, P.A., by W. Sidney Aldridge, for defendant-appellees.*

PER CURIAM.

Plaintiff may not attempt to revive previously litigated claims by filing an independent action. An arbitration award is a final adjudication of a matter, subject to the specific matters for which it may be set aside by the trial court. Plaintiff's appeal of a non-appealable interlocutory order does not divest the trial court of jurisdiction to proceed with the case. Parties cannot by contract select a trial judge to hear their lawsuit. The trial courts have discretion to bar parties from abusing the courts with frivolous and repetitive litigation.

## I. Procedural Background and Factual History

### A. Prior Case in Wake County

This action is the third case to reach this Court arising out of a 1998 construction contract between Peden General Contractors Inc. (Peden) and Carol Bennett, now Carol Dalenko (Dalenko). In Wake County case 98 CVS 14297, Peden sued Dalenko contending that it was owed $35,198.00 under the terms of the contract. Peden had previously filed a labor and materialman's lien on Dalenko's real estate, and the lawsuit was filed to perfect this lien. On 10 September 2002, Peden and Dalenko entered into a Consent Agreement for Binding Arbitration (Arbitration Agreement). The agreement provided that "The Arbitration Award shall be binding as an official court ordered

judgment and shall be final as to all claims between Peden and Bennett." On 4 September 2003, Robert A. Collier, Jr. entered an arbitration award in favor of Dalenko in the amount of $13,380.80. This award was confirmed by the trial court on 30 September 2003. Dalenko's motions to alter, amend, or vacate the order of confirmation were denied on 15 October 2003. Dalenko appealed to this Court, which affirmed the orders of the trial court. *Peden Gen. Contrs., Inc. v. Bennett*, 172 N.C. App. 171, 616 S.E.2d 31 (2005), *disc. rev. denied*, 360 N.C. 176, 626 S.E.2d 648 (2005) (unpublished). Following the final resolution of this case in the appellate courts of this state, on 22 December 2005, Dalenko filed a motion for leave to file a supplemental complaint in Wake County action 98 CVS 14297. On 6 January 2006, Judge Abraham Penn Jones entered an order denying that motion "without prejudice" to the defendant's right to file a separate and new action for claims arising from the contract dated 10 September 2002 (the Arbitration Agreement). The unnecessary language of "without prejudice" contained in this order by Judge Jones has spawned the subsequent litigation described below.

### B. Wake County case 06 CVS 2529

On 20 February 2006, Dalenko filed an action in the Superior Court of Wake County, case 06 CVS 2529, styled as "Carol Bennett d/b/a Brighton Stables, plaintiff, v. Peden General Contractors, Inc., and James M. Peden Jr., James M. Peden III, individually, and officers and shareholders of Peden, defendants." This complaint alleged that defendants had breached the 10 September 2002 Arbitration Agreement. It asserted the following claims for relief: (1) four counts for specific performance of the Arbitration Agreement; (2) ten counts for breach of contract; (3) a claim for breach of an implied covenant of good faith and fair dealing; (4) a claim for constructive fraud; (5) a claim for fraud on the court; (6) a claim for malicious prosecution; (7) three counts for abuse of process; (8) a claim for obstruction of justice; (9) a claim for unfair and deceptive trade practice; and (10) sought to have the individual Peden defendants held in civil contempt of court. By order dated 6 April 2006, Judge John W. Smith, II entered an order striking Dalenko's complaint for failure to comply with the provisions of a gatekeeper order previously entered in Wake County Civil Case 00 CVS 5994.[1] By separate order dated 6 April 2006, Judge

---

1. This order forbade Dalenko from filing any documents with the Clerk of Superior Court of Wake County unless: (1) Dalenko was indigent and filing pursuant to N.C. Gen. Stat. § 1-110; or (2) the document contained a certification by a licensed attorney that it complied with the provisions of Rule 11 of the Rules of Civil Procedure.

Smith sanctioned Dalenko in the amount of $4,901.48 for violation of the gatekeeper order. Dalenko appealed these orders but subsequently withdrew her notice of appeal on 11 December 2006.

### C. Wake County case 07-5130

On 3 April 2007, Dalenko filed a complaint in the instant case, Wake County Civil Case 07-5130. The complaint alleged that defendants had breached the 10 September 2002 Arbitration Agreement. It asserted the following claims for relief: (1) four counts for specific performance of the Arbitration Agreement; (2) eight counts for breach of contract; (3) for breach of an implied covenant of good faith and fair dealing; and (4) for constructive fraud. Appended to the complaint was a Rule 11 Certification dated 3 April 2007 and signed· by attorney Kevin P. Hopper. On 11 May 2007, Mr. Hopper served a revocation of this certification. On 4 May 2007, defendants filed motions to strike or dismiss Dalenko's complaint and for sanctions pursuant to Rule 11 of the Rules of Civil Procedure.

On 10 July 2007, Dalenko filed a motion pursuant to Rule 2.2 of the Tenth Judicial District to have Judge Abraham Penn Jones designated to preside over this matter, in accordance with the provisions of the 10 September 2002 Arbitration Agreement. On 13 July 2007, the Senior Resident Superior Court Judge for the Tenth Judicial District denied Dalenko's motion to designate Judge Jones to hear this case.

On 16 July 2007, Judge Donald W. Stephens heard defendants' motions to strike or dismiss Dalenko's complaint. By order filed 20 July 2007 at 9:13 a.m., the trial court granted defendants' motions to dismiss, citing Rule 12(b)(6) of the Rules of Civil Procedure, the principles of *res judicata*, and the statute of limitations. The trial court further concluded:

> [A]ny further claims or actions filed by Plaintiff, Dalenko (formerly Carol Bennett), arising out of, and/or related to, <u>Peden v. Bennett</u>, 98 CVS 14297, Wake County Superior Court, including, but not limited to, any order or decree entered in that case and/or the facts related to the proceedings in that case, are without a lawful basis and are specifically prohibited. If Plaintiff hereafter violates this prohibition, she may be subject to criminal contempt of court.

---

This order was the basis of the imposition of sanctions against Dalenko in Wake County Case 06 CVS 13133, which was the second case to come before this Court arising out of the 1998 contract dispute with Peden. *Dalenko v. Collier*, 191 N.C. App. 713, 664 S.E.2d 425 (2008), *appeal dismissed*, 362 N.C. 680, 670 S.E.2d 563 (2008).

DALENKO v. PEDEN GEN. CONTR'RS, INC.

[197 N.C. App. 115 (2009)]

On the morning of the 16 July 2007 hearing, Dalenko filed a notice of appeal of the trial court's denial of her motion to have Judge Jones hear the case and an amended complaint seeking to have Robert A. Collier, Jr., the arbitrator in case 98 CVS 14297, added as a defendant to this case. The trial court's order denied Dalenko's attempt to amend the complaint. On 20 July 2007 at 3:11 p.m., Dalenko filed a motion to disqualify Judge Stephens from hearing this matter. On 23 July 2007, the trial court denied the motion as having "no basis in fact or law and is not timely." On 27 July 2007, Dalenko filed a second notice of appeal, appealing the orders of 20 July 2007 and 23 July 2007.

### D. Orders Entered Subsequent to Notice of Appeal

On 4 September 2007, the trial court filed an order directing that the Clerk of Superior Court of Wake County cancel the lien filed in 98 M-3116, in accordance with the order that confirmed the arbitration award in 98 CVS 14297. This was the lien that Peden sought to enforce in case 98 CVS 14297. The order stated that it was entered "to eliminate any uncertainty as to whether the Lien has been properly cancelled."

Following the denial of Dalenko's attempt to amend her complaint on 16 July 2007, Dalenko served the "Amended Complaint" on Collier's attorney on 10 December 2007. On 12 December 2007, the trial court filed an order dismissing the "Amended Complaint," with prejudice.

### II. Dalenko's 16 July 2007 Appeal of Order Denying Her Motion to Designate Judge Jones to Hear this Matter

In her first two arguments, Dalenko contends that: (1) the trial court erred in denying her motion; and (2) her notice of appeal divested the trial court of jurisdiction to enter any subsequent orders in this matter. We disagree.

### A. Motion to Designate Judge Jones

[1] Dalenko argues that the express terms of the Arbitration Agreement to arbitrate the dispute in case 98 CVS 14297 required the Senior Resident Superior Court Judge to assign Judge Abraham Penn Jones to hear the instant case. She cites to the following provision in the Arbitration Agreement: "The Honorable Abraham Penn Jones, presiding retains jurisdiction to enforce the terms and conditions of this Agreement upon application or motion of Peden or Bennett." Dalenko argues that she had a contractual right to have Judge Jones

DALENKO v. PEDEN GEN. CONTR'RS, INC.

[197 N.C. App. 115 (2009)]

hear all matters arising out of the Arbitration Agreement. Judge Jones did not sign the Arbitration Agreement. This argument is without merit for a number of reasons.

First, the Arbitration Agreement was to arbitrate the dispute in case 98 CVS 14297. That case is over. The arbitration award was confirmed by the Superior Court of Wake County, and Dalenko exhausted all of her appeals, without success. Any purported right to have Judge Jones continue to preside over the matter died with case 98 CVS 14297.

Second, parties to litigation do not have the right to contract for a specific judge to hear a case. Judges of the Superior Court are assigned to hold terms of court by the Chief Justice of the Supreme Court. N.C. Const. art. IV, § 11; N.C. Gen. Stat. § 7A-47.3 (2007). Cases are assigned to particular terms of court by the Senior Resident Superior Court Judge of the Judicial District. Gen. R. Pract. Super. & Dist. Cts. 2.

Third, even had Judge Jones purported to retain jurisdiction of matters arising out of the Arbitration Agreement (the record being devoid of any such order), Judge Jones relinquished any such right by order filed in case 98 CVS 14297, dated 9 January 2003.

Fourth, Tenth District Local Rule 2.2 provides that: "The Senior Resident Judge may designate a specific resident judge or a specific judge assigned to hold court in the District to preside over all proceedings in a particular case." This rule vests discretion in the Senior Resident Judge to make such assignments. Where a ruling of the trial court is discretionary, the court "may be reversed for abuse of discretion only upon a showing that its actions are 'manifestly unsupported by reason.' " *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citations omitted). We discern no abuse of discretion in the trial court's denial of Dalenko's motion to have Judge Jones preside over the instant case.

This argument is without merit.

### B. Effect of Notice of Appeal

[2] Dalenko next argues that the appeal of the trial court's order denying her motion to assign Judge Jones to hear the instant case divested the trial court of jurisdiction to hear any further matters.

When a party gives notice of appeal from an appealable order, the trial court is divested of jurisdiction and the related proceedings are

stayed in the lower court. N.C. Gen. Stat. § 1-294 (2007); *Velez v. Dick Keffer Pontiac-GMC Truck, Inc.*, 144 N.C. App. 589, 591, 551 S.E.2d 873, 875 (2001). In such instances, the trial court has no authority to proceed with the trial of the matter. *RPR & Assocs. v. University of N.C.-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002), *cert. dismissed and disc. review denied*, 357 N.C. 166, 579 S.E.2d 882 (2003). However, a trial court is not divested of its jurisdiction to determine a case on its merits where the litigant appeals a non-appealable interlocutory order. *Id.* In such instances, the trial court is not required to stay the proceedings but "may disregard the appeal and proceed to try the action[.]" *Velez*, 144 N.C. App. at 591, 551 S.E.2d at 875 (quoting *Veazey v. Durham*, 231 N.C. 357, 364, 57 S.E.2d 377, 383 (1950)).

As noted above, Dalenko had no right, contractual or otherwise, to have Judge Jones preside over the instant case. We hold that the trial court's ruling on such preliminary matters in litigation are non-appealable interlocutory orders. In *Veazey*, Justice Ervin, writing for our Supreme Court, stated why such appeals cannot be allowed to disrupt trial proceedings:

> [A] litigant cannot deprive the Superior Court of jurisdiction to try and determine a case on its merits by taking an appeal to the Supreme Court from a nonappealable interlocutory order of the Superior Court. A contrary decision would necessarily require an acceptance of the paradoxical paralogism that a party to an action can paralyze the administration of justice in the Superior Court by the simple expedient of doing what the law does not allow him to do, *i.e.*, taking an appeal from an order which is not appealable.

*Veazey*, 231 N.C. at 364, 57 S.E.2d at 382-83.

We hold that Dalenko's appeal of the trial court's order pertaining to Judge Jones did not divest the trial court of jurisdiction in this matter.

This argument is without merit.

### III.  Dalenko's Motion to Recuse Judge Stephens

[3] In her third argument, Dalenko contends that Judge Stephens' refusal to recuse himself upon her motion in open court, and subsequent written motion for recusal, prejudiced her right to a fair hearing before an impartial court. We disagree.

DALENKO v. PEDEN GEN. CONTR'RS, INC.

[197 N.C. App. 115 (2009)]

On 16 July 2007, a hearing was held on defendants' motion to dismiss before Judge Stephens. Near the end of the hearing, Dalenko stated the following to the court:

> Your Honor, out of an abundance of caution in this Amended Complaint, I would just like to ask the Court to consider whether or not—I really hate to ask Your Honor—that if it would be appropriate, merely out of an abundance of caution, to recuse yourself from this case because there are issues of fact regarding the prior arbitration proceedings that were before you in September of 2003 that need to be decided independently of whatever interest you may have of preserving your prior rulings, although I don't believe that your Order, to the extent that it affirmed the award subject to Peden cancelling its lien and Peden didn't do as you ordered, I think we still may be OK.

> But just out of an abundance of caution, since you may become a fact witness or your orders entered in the underlying construction dispute would be very definitely brought in on evidentiary basis, that it may be appropriate for you to recuse yourself.

This motion to recuse was denied in open court. On 20 July 2007 at 3:11 p.m., following the filing of the trial court's order dismissing this action, Dalenko filed a written motion that Judge Stephens be recused from this case. This motion was denied on 23 July 2007 as being meritless and untimely because this action had already been dismissed.

We first note that Dalenko's written motion was filed after the filing of the order dismissing this action and was thus not timely filed. *Burwell v. Griffin*, 67 N.C. App. 198, 203, 312 S.E.2d 917, 920 (1984) (citing *Atkins v. Beasley*, 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1981)) (stating a final judgment disposes of the cause as to all parties, leaving nothing to be judicially determined in the trial court), *appeal dismissed and disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984). We therefore do not consider Dalenko's written motion on appeal.

This Court reviews *de novo* whether a party has met the burden of "showing through substantial evidence that the judge has such a personal bias, prejudice or interest that he would be unable to rule impartially." *In re Faircloth*, 153 N.C. App. 565, 570, 571 S.E.2d 65, 69 (2002) (citing *State v. Fie*, 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987); *State v. Honaker*, 111 N.C. App. 216, 219, 431 S.E.2d 869, 871 (1993)). Where there is sufficient force to the allegations to proceed

to find facts, or an objective basis for doubt as to the trial court's impartiality, the trial judge should recuse himself or refer the motion to another judge. *Faircloth*, 153 N.C. App. at 570, 571 S.E.2d at 69 (citing *State v. Poole*, 305 N.C. 308, 320, 289 S.E.2d 335, 343 (1982); *Bank v. Gillespie*, 291 N.C. 303, 311, 230 S.E.2d 375, 380 (1976)). However, "knowledge of evidentiary facts gained by a trial judge from an earlier proceeding does not require disqualification." *Faircloth*, 153 N.C. App. at 570, 571 S.E.2d at 69 (citing *In re LaRue*, 113 N.C. App. 807, 810, 440 S.E.2d 301, 303. (1994)).

Second, we note that Dalenko raised no objections to Judge Stephens' impartiality prior to the 16 July 2007 hearing. It was only at the very end of the hearing that a question was raised. Dalenko first asserted that there were issues of fact from the 2003 arbitration proceedings (in case 98 CVS 14297) that needed "to be decided independently of whatever interest you may have of preserving your prior rulings[.]" The proceedings in 98 CVS 14297 were final and complete. The rulings made by Judge Stephens had been affirmed by this Court and review denied by our Supreme Court. Judge Stephens could not possibly have had an interest in "preserving" his prior rulings; the appellate courts had already affirmed them in their entirety. Further, Dalenko acknowledged that as to Judge Stephens' order requiring cancellation of the lien, "we still may be OK."

Dalenko next asserted that Judge Stephens may become a fact witness as to orders entered in the prior case (98 CVS 14297). Again, that order was *final*. That matter was complete. Any orders entered by Judge Stephens spoke for themselves. Previous involvement by a judge with court proceedings does not require disqualification. *Faircloth*, 153 N.C. App. at 570-71, 571 S.E.2d at 69. Were it otherwise, there would have to be a different judge at each successive hearing in a matter. We hold that Dalenko failed to articulate before Judge Stephens any objective reason for Judge Stephens to recuse himself or a sufficiently forceful basis for delegating the decision to another judge. *Id.*

To the extent that Dalenko attempts to make different arguments for recusal in her brief that were not made at trial, those arguments are not properly before this Court. A party may not present arguments on appeal that were not presented before the trial court. N.C.R. App. P. 10(b)(1); *Morris v. Moore*, 186 N.C. App. 431, 435, 651 S.E.2d 594, 597 (2007).

This argument is without merit.

## IV.  Dismissal of Dalenko's Complaint

**[4]** In her fourth argument, Dalenko contends that the trial court erred in dismissing her complaint, enjoining her from filing further actions in this matter, and threatening her with criminal contempt of court. We disagree.

### A.  General Considerations

Case 98 CVS 14297 went to binding arbitration, the arbitration award was confirmed by the Superior Court, and that ruling was affirmed by the appellate courts of North Carolina. The instant lawsuit is premised upon the elemental misconception that despite the fact that case 98 CVS 14297 has been resolved, Dalenko has a claim for breach of the Arbitration Agreement that put case 98 CVS 14297 into arbitration. She does not, and the trial court correctly dismissed this action.

The purpose of placing a dispute into binding arbitration is so that it can be resolved expeditiously, inexpensively, and with finality. " '[J]udicial review of an arbitration award is confined to [a] determination of whether there exists one of the specific grounds for vacation of an award under the arbitration statute.' " *Smith v. Young Moving & Storage, Inc.*, 167 N.C. App. 487, 488, 606 S.E.2d 173, 175 (2004) (quoting *Semon v. Semon*, 161 N.C. App. 137, 141, 587 S.E.2d 460, 463 (2003)); *see also Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 411, 255 S.E.2d 414, 418 (1979).[2] "Ordinarily, an award is not vitiated or rendered subject to impeachment because of a mistake or error of the arbitrators as to the law or facts." *Gunter*, 41 N.C. App. at 411, 255 S.E.2d at 417. In case 98 CVS 14297, Dalenko challenged the arbitration award and unsuccessfully litigated the matter all the way to the North Carolina Supreme Court. That was the end of the matter. Dalenko has no right to attempt to reopen the matter by a suit based upon alleged breaches of the Arbitration Agreement.

Unfortunately, when Dalenko first attempted to reopen the matter by filing a supplemental complaint in Wake County action 98 CVS 14297, Judge Abraham Penn Jones entered an order denying the request but expressly making that ruling "without prejudice" to Dalenko filing a separate and new action for claims arising out of the Arbitration Agreement. It is abundantly clear from the record in this

---

2. These cases reference N.C. Gen. Stat. § 1-567.1 *et seq.*, which was repealed in 2003 and superceded by the Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.1 *et seq.* It is the earlier statute that controls in the instant case.

case that this ill-advised statement created in Dalenko's mind the idea that she in fact had a valid cause of action for breach of the Arbitration Agreement, when in fact she never did.

### B. *Res Judicata*

[5] Dalenko contends that her claims arising out of the 2002 Arbitration Agreement have never been litigated, and the prior proceedings in case 98 CVS 14297 cannot operate as a bar to this action. As noted above, the prior lawsuit was fully and finally resolved. Dalenko cannot seek to reopen the previously litigated matter through a breach of contract action based upon the Arbitration Agreement.

This argument is without merit.

### C. Statute of Limitations

Dalenko argues that her action was not barred by the three-year statute of limitations. Because we have already held that this action is without merit, we do not reach this argument.

### D. Amendment to Complaint

[6] Dalenko contends that the trial court erred in refusing to recognize her amended complaint, filed on 16 July 2007, the morning of the hearing. She contends that because defendants had not filed an answer, she was entitled to amend her complaint as a matter of right under Rule 15(a) of the Rules of Civil Procedure.

While Dalenko's argument under Rule 15(a) is legally sound, it has no impact on the ultimate resolution of her case on appeal. The trial court ruled that even considering the amended complaint, the action would be dismissed pursuant to Rule 12(b)(6). Dalenko makes no argument on appeal as to how the amended allegations would entitle her to a reversal of the order of dismissal, only that the trial court erred in denying the amendment.

Further, the record reveals that while Dalenko did attach the certification of a licensed attorney to her complaint in the instant case, that certification was revoked by the attorney on 11 May 2007. The amended complaint was filed on 16 July 2007 without the required certification. Thus, the amended complaint was not filed with the required certification and was properly dismissed.[3]

This argument is without merit.

3. For a more detailed discussion of the gatekeeper order applicable to Dalenko, see footnote 1 and the opinion in *Dalenko v. Collier*, —— N.C. App. ——, 664 S.E.2d 425 (2008), *appeal dismissed*, 362 N.C. 680, 670 S.E.2d 563 (2008).

### E. Enjoining of Dalenko from Filing Further Actions Relating to Peden Dispute

**[7]** The trial court's order of 20 July 2007 stated:

The Court further finds that all matters in that case [98 CVS 14297] have been resolved by a final judicial adjudication and repeated attempts by Plaintiff, Dalenko (formerly Carol Bennett), to resurrect such claims related to that matter are without a lawful basis and are frivolous.

Therefore, the Court concludes that any further claims or actions filed by Plaintiff, Dalenko (formerly Carol Bennett), arising out of, and/or related to, Peden v. Bennett, 98 CVS 14297, Wake County Superior Court, including, but not limited to, any order or decree entered in that case and/or the facts related to the proceedings in that case, are without a lawful basis and are specifically prohibited. If Plaintiff hereafter violates this prohibition, she may be subject to criminal contempt of court.

Dalenko contends that this portion of the order was an abuse of discretion by the trial court because the instant lawsuit "does not attempt to relitigate the 1998 dispute[.]" We have already held that the 1998 dispute is over. The complaint in this action is nothing more than a thinly veiled attempt to revive the 1998 claims.

The Constitution of North Carolina provides that "every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law . . . ." N.C. Const. art. I, § 18. This means that all citizens of this state have access to the courts to seek redress for injuries done to them. It does not mean that parties have the right to abuse the courts by filing repeated actions involving claims that have already been resolved. It is clear that Dalenko does not personally accept the result of the prior litigation. However, she is required to legally accept the result.

As part of its inherent authority, the trial courts of this state have the power to prohibit future frivolous and repetitive litigation. *See Dunn v. Canoy*, 180 N.C. App. 30, 45, 636 S.E.2d 243, 253 (2006) (citing *In re Hunoval*, 294 N.C. 740, 744, 247 S.E.2d 230, 233 (1977)), *appeal dismissed and disc. review denied*, 361 N.C. 351, 645 S.E.2d 766 (2007). We emphasize that this power should be used carefully, sparingly, and only in cases of extreme abuse. We hold that this is such a case. This is the third case before this Court arising out of the 1998 contract dispute between Dalenko and Peden. The trial court

did not abuse its discretion in barring further actions pertaining to this dispute.

This argument is without merit.

### F.  Trial Court's Mention of Contempt

[8] Dalenko contends that the trial court abused its discretion by threatening her with criminal contempt. N.C. Gen. Stat. § 5A-11(a)(3) provides that the "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution[]" is criminal contempt. N.C. Gen. Stat. § 5A-11(a)(3) (2007). The trial court graciously warned Dalenko of this fact so that she would fully understand the consequences of any future conduct.

This argument is without merit.

### V.  Order Pertaining to Lien on Dalenko's Property

[9] In her final argument, Dalenko contends that the trial court erred in entering an order cancelling the lien on Dalenko's real property arising out of the 98 CVS 14297 litigation. We disagree.

Dalenko contends that the order is defective on its face, and the trial court should have signed an order that she submitted to the court under a cover letter dated 4 September 2004. She further argues that the order "does not attach the Lien, does not conform to the statutory language to cancel a Lien under G.S. § 44A-16(4), and does not eliminate any uncertainty on this issue."

We have examined both the order entered by the trial court and the order tendered by Dalenko. Both reference the applicable statute, N.C. Gen. Stat. § 44A-16(4), the applicable file number where the lien was docketed (98 M-3116), and order that the lien be discharged. Dalenko does not argue that the lien has not been cancelled.

The record reveals a long-standing dispute between Dalenko and Peden over the payment of the judgment and cancellation of the lien in 98 CVS 14297. Defendants contend that they tendered the sums ordered to be paid by the arbitration award to Dalenko, and Dalenko refused the payment. Ultimately, the monies were paid to the Clerk of Court of Wake County. They also contend that on two occasions they tendered a cancellation of lien to Dalenko, and it was similarly rejected. The trial court's order clearly states that "[t]his Order is entered to eliminate any uncertainty as to whether the Lien has been properly cancelled." We are unable to discern from the record before us whether the lien was properly cancelled prior to the trial court's

order. We hold that any question about the cancellation of the lien was resolved by that order.

This argument is without merit.

## VI. Conclusion

We hold the trial court did not abuse its discretion in denying Dalenko's motion to have Judge Jones preside over the instant case. We further hold that Dalenko had no right to have Judge Jones preside over the instant case, and the trial court's ruling on such preliminary matters in litigation are non-appealable interlocutory orders. This Court may not hear arguments on appeal that were not presented before the trial court, and to the extent that Dalenko attempts to make different arguments for recusal on appeal that were not made at trial, those arguments are not properly before this Court. Dalenko filed an amended complaint on 16 July 2007 without the required certification; therefore, we hold it was properly dismissed by the trial court. The trial court did not abuse its discretion in barring further actions pertaining to the 1998 construction dispute because trial courts have the inherent authority to prohibit such future frivolous and repetitive litigation. Any question as to whether the lien was properly cancelled prior to the trial court's order was resolved by that order.

AFFIRMED.

Panel Consisting of:

Judges STEELMAN, JACKSON and STROUD.