An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-954

Filed: 4 August 2015

Mecklenburg County, No. 9 CVD 30462

KIRK S. ZUROSKY, Plaintiff,

v.

ALYSON G. SHAFFER, Defendant.

Appeal by plaintiff from orders entered 21 February 2014 and 27 February 2014 by Judge Paige B. McThenia in Mecklenburg County District Court. Heard in the Court of Appeals 20 January 2015.

> *Marshall & Taylor, PLLC, by Travis R. Taylor, for plaintiff-appellant.*

> *Hamilton Stephens Steele + Martin, PLLC, by Amy Simpson Fiorenza, for defendant-appellee.*

McCULLOUGH, Judge.

Kirk S. Zurosky ("Zurosky") appeals from the following orders by the trial court: (1) an order denying his motion to recuse filed 21 February 2014, (2) an amended contempt order filed 27 February 2014, and (3) an order granting his motion to alter or amend the contempt order filed 27 February 2014. For the following reasons, we reverse and remand.

I.     Background

Zurosky and Alyson G. Shaffer ("Shaffer") are former husband and wife. They married on 1 July 1995, separated in January 2009, and divorced in June 2010. Zurosky and Shaffer have two minor children from their marriage.

Since Zurosky initiated the underlying lawsuit on 23 December 2009 by filing a complaint for child custody and equitable distribution and a motion for a psychological evaluation of Shaffer, Zurosky and Shaffer have been involved in contentious litigation over child support, spousal support, equitable distribution, and other matters related to their divorce. That litigation includes a prior appeal to this Court and an opinion, *see Zurosky v. Shaffer*, __ N.C. App. __, 763 S.E.2d 755 (2014), in which a more detailed background of the case can be found.

Pertinent to this appeal, the trial court entered a temporary child support and postseparation support order on 31 August 2011 and a subsequent order regarding temporary child support on 10 May 2012. Those temporary support orders required Zurosky to make support payments. On 25 February 2013, Shaffer filed a motion to find Zurosky in contempt of the temporary support orders. Prior to ruling on Shaffer's contempt motion, on 10 April 2013, the trial court entered an equitable distribution judgment and permanent child support and alimony order. Pursuant to the terms of the judgment and permanent support order, Zurosky was required to continue paying child support and alimony; the amount of those obligations, however, increased. Both parties appealed from the 10 April 2013 judgment and permanent support order.

With Zurosky's and Shaffer's appeals pending, on 22 May 2013, Shaffer filed an amended motion to find Zurosky in contempt of the judgment and permanent support order. Shaffer later filed two additional motions on 13 June 2013 to find Zurosky in contempt; one motion for failure to comply with a subpoena *duces tecum* and one motion for failure to comply with the judgment and permanent support order. Shaffer sought to recover attorney's fees in each of her motions to find Zurosky in contempt, as well as other matters litigated.

On 13 June 2013, the presiding judge, the Honorable Paige B. McThenia, issued an order, *sua sponte*, in which she voluntarily recused herself from the issue of attorney's fees. Her decision was based on the following findings of fact provided in the order of recusal:

> 2. On February 24, 2010, [Shaffer], represented by attorney Amy Simpson Fiorenza ("Ms. Fiorenza"), filed her Answer and Counterclaims seeking temporary and permanent child custody pursuant to N.C. Gen. Stat. § 50-13.2, temporary child support and permanent child support pursuant to N.C. Gen. Stat. § 50-13.4, post-separation support pursuant to N.C. Gen. Stat. § 50-16.2A, alimony pursuant to N.C. Gen. Stat. § 50-16.3A, equitable distribution pursuant to N.C. Gen. Stat. § 50-20 *et seq.*, and attorney's fees pursuant to N.C. Gen. Stat. § 50-13.6 and § 50-16.4.
>
> 3. On the date that Ms. Fiorenza filed the Answer and Counterclaims on behalf of [Shaffer], she was employed at the law firm of James, McElroy & Diehl, PA.
>
> 4. On June 13, 2011, Ms. Fiorenza joined the law firm of Hamilton Stephens Steele & Martin, PLLC.

5.    The undersigned Judge is married to Thomas Jonathan Adams ("Mr. Adams"), a partner practicing in the areas of commercial litigation and employment law at the firm of Hamilton Stephens Steele & Martin, PLLC.

6.    In an effort to avoid any appearance of impropriety or partiality, this Judge disclosed on the record the basis of her potential disqualification as soon as she became aware of Ms. Fiorenza's affiliation with Hamilton Stephens Steele & Martin, PLLC.  After discussion between each attorney and her respective client outside of the presence of this Judge, the parties and their attorneys all agreed on the record that the basis for the potential disqualification would not prohibit this Judge from participating in the proceeding.

7.    The Court has entered copious Orders in this case. . . .

. . . .

17.    Currently pending before the Court are, inter alia, [Shaffer's] claim for attorney fees for approximately three and a half years of legal services amounting to a figure in excess of $300,000.

18.    Given that Mr. Adams has at least an indirect financial interest in any fees paid to the firm of Hamilton Stephens Steele & Martin, PLLC, this Judge has determined that in order to promote justice, and comply with Canon 3C(1) of the North Carolina Code of Judicial Conduct, recusal from this case on the issue of attorney's fees only is appropriate to prevent the calling into question of this Judge's impartiality.

The order further provided that Judge McThenia would continue to participate in all other proceedings in the case.

- 4 -

On 23 July 2013, Shaffer's motions to hold Zurosky in contempt came on for hearing. Prior to the Court hearing evidence on Shaffer's motions, Ms. Fiorenza indicated the only outstanding issues for resolution besides the contempt motions were attorney's fees and costs, which had been calendared for 6 August before a different judge. At that time, Zurosky's counsel, attorney Tamela P. Wallace ("Ms. Wallace"), voiced concern over Judge McThenia's partial recusal and, citing *Phillips v. Phillips*, 185 N.C. App. 238, 647 S.E.2d 481 (2007), asserted that Judge McThenia could not enter further orders in the case once she had entered a recusal order. Ms. Wallace argued the issues of contempt and attorney's fees associated with the contempt motions were related and should not be bifurcated between different judges. In response, Judge McThenia distinguished *Phillips* on the basis that the judge's recusal in *Phillips* was a complete recusal from the matter and determined based on her research and consultation with Judicial Standards that a recusal from only the issue of attorney's fees was appropriate in this case. At that time, Ms. Wallace reiterated Zurosky's objection and the hearing on Shaffer's contempt motions proceeded.

Zurosky testified for the remainder of the afternoon until the hearing on Shaffer's contempt motions was continued to a later date.

On 29 July 2013, Shaffer filed a motion for relief pursuant to Rule 60 in which she requested an order amending the judgment and permanent support order to

include exhibits referenced in the judgment and permanent support order but not attached to it when it was filed. The trial court heard arguments on the motion for relief on 7 October 2013.

On 8 November 2014, Shaffer's motions to find Zurosky in contempt came back on for hearing. Before further evidence was heard concerning the contempt motions, Judge McThenia signed an order granting Shaffer's motion for Rule 60 relief and an amended equitable distribution judgment and permanent child support and alimony order with the referenced exhibits attached. The contempt hearing was then concluded.

On 26 November 2013, Judge McThenia filed a contempt order holding Zurosky in civil contempt for failure to make timely child support payments, alimony payments, and payments of arrears arising therefrom.

The contempt order came on for a review hearing on 3 February 2014. At that time, Judge McThenia also considered a Rule 59 motion by Zurosky to amend the contempt order for purposes of clarification.

On 21 February 2014, the trial court entered a written order denying Zurosky's 23 July 2013 oral motion to recuse during the original hearing on Shaffer's contempt motions. In the order, Judge McThenia found she "does not find that her recusal from [Shaffer's] claim for attorney fees prohibits her from hearing other claims in the action." Therefore, Judge McThenia concluded she "shall continue to preside over

matters not related to [Shaffer's] claim for attorney fees pursuant to Canon 3C(1) of the North Carolina Code of Judicial Conduct." The trial court then entered an order granting Zurosky's motion to amend the contempt order and an amended contempt order on 27 February 2014.

On 21 March 2014, Zurosky filed notices of appeal from the 21 February 2014 order denying his motion to recuse, the 27 February 2014 amended contempt order, and the 27 February 2014 order granting Zurosky's motion to amend the contempt order.

## II.    Discussion

In the first issue on appeal, Zurosky argues the trial judge erred in denying his motion to recuse and by continuing to preside over matters in the case following her partial recusal. Upon review, we agree the trial judge erred.

Canon 3 of the North Carolina Code of Judicial Conduct provides that "[a] judge should perform the duties of the judge's office impartially and diligently." Code of Judicial Conduct Canon 3 (2015). In furtherance of Canon 3's general rule, subsection (C)(1) provides in pertinent part:

> On motion of any party, a judge should disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned, including but not limited to instances where:
>
> . . . .
>
> (c)    The judge knows that he/she, individually or as a

fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(d)    The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:  . . . (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.] . . .

Code of Judicial Conduct Canon 3(C)(1) (2015). Subsection (D) adds:

Nothing in this Canon shall preclude a judge from disqualifying himself/herself from participating in any proceeding upon the judge's own initiative.  Also, a judge potentially disqualified by the terms of Canon 3C may, instead of withdrawing from the proceeding, disclose on the record the basis of the judge's potential disqualification.  If based on such disclosure, the parties and lawyers, on behalf of their clients and independently of the judge's participation, all agree in writing that the judge's basis for potential disqualification is immaterial or insubstantial, the judge is no longer disqualified, and may participate in the proceeding.  The agreement, signed by all lawyers, shall be incorporated in the record of the proceeding. . . .

Code of Judicial Conduct Canon 3(D) (2015).

When a party moves for recusal by the trial judge,

[t]he burden is on the party moving for recusal to demonstrate objectively that grounds for disqualification actually exist.  The moving party may carry this burden with a showing of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that [she] would be unable to rule impartially, or a showing that the circumstances are such that a reasonable person would question whether the judge could rule impartially.

*Harrington v. Wall*, 212 N.C. App. 25, 28, 710 S.E.2d 364, 367 (2011) (quotations and

citations omitted).

> This Court reviews *de novo* whether a party has met the
> burden of showing through substantial evidence that the
> judge has such a personal bias, prejudice or interest that
> he would be unable to rule impartially. Where there is
> sufficient force to the allegations to proceed to find facts, or
> an objective basis for doubt as to the trial court's
> impartiality, the trial judge should recuse himself or refer
> the motion to another judge.

*Dalenko v. Peden Gen. Contractors, Inc.*, 197 N.C. App. 115, 123-24, 676 S.E.2d 625,

631 (2009) (quotations and citations omitted).

Unlike the majority of recusal cases in which this Court must review the record

to determine whether the moving party has shown through substantial evidence that

recusal is necessary, in this case, the basis for recusal was made clear when the trial

judge issued the partial recusal order. As detailed above, in that order the trial judge

acknowledged that her spouse, a partner at the firm Ms. Fiorenza joined during the

pendency of this case, had "at least an indirect financial interest in any fees paid to

the firm" and determined that interest was sufficient to warrant recusal from the

case on the issue of attorney's fees "to prevent the calling into question of [her]

impartiality." Thus, it was clear there was a question as to the judge's impartiality

or, at the very least, the appearance of impartiality.

The issue now before this Court is whether the trial judge erred in denying

Zurosky's motion to recuse at the beginning of the contempt hearing. Upon review,

we hold the trial judge did err because the ruling on Shaffer's contempt motions are determinative on whether Shaffer's claims for attorney's fees associated with the contempt motions can move forward. In so holding, we make no determination that the trial judge's contempt ruling, or other subsequent rulings, were in fact influenced by her spouse's interest. We hold only that, keeping in mind that "[n]ext in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge[,]" *Ponder v. Davis*, 233 N.C. 699, 705-06, 65 S.E.2d 356, 360 (1951) (quotation marks omitted), recusal was appropriate to avoid the appearance of impropriety and maintain confidence in the judiciary.

Furthermore, we make no determination as to whether a partial recusal is appropriate in other cases or under different circumstances. We simply hold that in the present case, where the trial judge recused herself on the issue of attorney's fees due to her spouse's interest as a partner of the firm seeking recovery of the fees, the underlying motions for which attorney's fees are sought are amply intertwined with the claims for attorney's fees so that recusal from both issues is proper.

In addition to responding to the merits of Zurosky's argument on appeal concerning the denial of the recusal motion, Shaffer asserts the recusal issue was conclusively determined as a matter of law in the partial recusal order. Thus, Shaffer contends Zurosky abandoned any remedies available to him by failing to challenge

the partial recusal order and Zurosky is collaterally estopped from rearguing the issue. We disagree.

It is important to recognize the partial recusal order in this case was entered by the trial judge *sua sponte* and the issue of recusal was not "actually litigated" by the parties. Thus, collateral estoppel does not bar Zurosky from later raising the recusal issue. *See State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996) (Among other elements, "[a] party asserting collateral estoppel is required to show . . . that the issue in question was identical to an issue *actually litigated* and necessary to the judgment . . . .") (quotation marks omitted) (emphasis added). Moreover, while the trial judge did issue a finding indicating that she "disclosed on the record the basis of her potential disqualification as soon as she became aware of Ms. Fiorenza's affiliation with Hamilton Stephens Steele & Martin, PLLC[,]" and "[a]fter discussion between each attorney and her respective client . . . the parties and their attorneys all agreed on the record that the basis for the potential disqualification would not prohibit this Judge from participating in the proceeding[s,]" there is no evidence in the record before this Court that the parties came to an agreement and there was certainly no written agreement comporting with the requirements of Canon 3(D) waiving the conflict. Thus, the issue of recusal from the contempt hearings and other matters in this case was not conclusively determined

by the partial recusal order and Zurosky's motion to recuse at the beginning of the contempt hearing was properly considered by the trial court.

In addition to challenging the denial of his motion to recuse, Zurosky also challenges portions of the order holding him in contempt. Because we hold the trial court erred in denying Zurosky's motion to recuse, we need not address these arguments as the contempt orders entered following the denial of the motion to recuse are of no effect. We do not rule on the merits of the contempt issues, but leave those issues for determination upon remand to the trial court.

## III. Conclusion

For the reasons discussed, we hold the trial judge erred in denying Zurosky's motion to recuse. Therefore, we reverse and remand to the trial court.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge CALABRIA concur.

Report per Rule 30(e).